**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| BURKHALTER RIGGING, INC. | § | Case No. 19-30495 (MI) |
| | § | |
| Debtor. | § | |
| | § | |
| Tax I.D. No. 64-0538314 | § | |
| | § | |
| In re: | § | Chapter 11 |
| | § | |
| BURKHALTER SPECIALIZED TRANSPORT, LLC | § | Case No. 19-30497 (MI) |
| | § | |
| Debtor. | § | |
| | § | |
| Tax I.D. No. 03-0401511 | § | |
| | § | |
| In re: | § | Chapter 11 |
| | § | |
| BURKHALTER TRANSPORT, INC., | § | Case No. 19-30496 (MI) |
| | § | |
| Debtor. | § | (Joint Administration Requested) |
| | § | (Emergency Hearing Requested) |
| Tax I.D. No. 64-0822096 | § | |

**DEBTORS' <u>EMERGENCY</u> MOTION FOR ENTRY OF
AN ORDER EXTENDING TIME TO FILE SCHEDULES OF
ASSETS AND LIABILITIES, SCHEDULES OF CURRENT INCOME
AND EXPENDITURES, SCHEDULES OF EXECUTORY CONTRACTS
AND UNEXPIRED LEASES, AND STATEMENTS OF FINANCIAL AFFAIRS**

**THIS MOTION SEEKS ENTRY OF AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

4845-9753-9206.1

> **EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE. A HEARING WILL BE HELD ON THIS MATTER FOR FEBRUARY 6, 2019, AT 1:30 PM (CT) BEFORE THE HONORABLE MARVIN ISGUR, 515 RUSK STREET, COURTROOM 404, HOUSTON, TEXAS 77002.**
>
> **REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

The above-captioned debtors and debtors in possession (collectively, the "Debtors")[1] respectfully state the following in support of this motion:

### Relief Requested

1. The Debtors seek entry of an order, extending the deadline by which the Debtors must file their schedules of assets and liabilities, schedules of current income and expenditures, schedules of executory contracts and unexpired leases, and statements of financial affairs (collectively, the "Schedules and Statements") by 30 days, for a total of 44 days from the Petition Date, through and including March 16, 2019, without prejudice to the Debtors' ability to request additional extensions for cause shown.

### Jurisdiction and Venue

2. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of Texas*, dated May 24, 2012 (the "Amended Standing Order"). The Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties,

---

[1] The Debtors' filed their voluntary petitions for relief filed under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), on January 31, 2019 (the "Petition Date"). A detailed description of the Debtors and their businesses, and the facts and circumstances supporting this motion and the Debtors' chapter 11 cases, are set forth in greater detail in the *Declaration of Michael Tinsley, in Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), filed on February 3, 2019.

2

cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The basis for the relief requested herein are sections 105(a) and 521 of title 11 of the Bankruptcy Code, Bankruptcy Rules 1007(c), 6003, and 9006(b), and rule 9013-1(b) of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules").

## Basis for Relief

**I.   Cause Exists to Extend the Time to File the Schedules and Statements.**

5. The requirements of section 521 of the Bankruptcy Code and Bankruptcy Rule 1007(c) ordinarily require debtors to file their Schedules and Statements within 14 days after their petition date. Pursuant to Bankruptcy Rules 1007(c) and 9006(b), the Court has authority to extend the time required for filing of the Schedules and Statements "for cause." Fed. R. Bankr. P. 1007(c) and 9006(b).

6. The Debtors submit that ample cause exists to grant the relief requested herein. To prepare their Schedules and Statements, the Debtors will have to compile information from books, records, and documents relating to hundreds of claims, assets, and contracts from each Debtor entity. Accordingly, collection of the necessary information will require a significant expenditure of time and effort on the part of the Debtors and their employees. Additionally, because outstanding invoices related to prepetition goods and services have not yet been received and entered into the Debtors' accounting system, it may be some time before the Debtors have access to all of the information required to prepare the Schedules and Statements.

7. In the days leading up to the Petition Date, the Debtors' primary focus has been preparing for these chapter 11 cases. Focusing the attention of key personnel on critical operational and chapter 11 compliance issues during the early days of these chapter 11 cases will

facilitate the Debtors' smooth transition into chapter 11, thereby maximizing value for their estates, their creditors, and other parties in interest.

8. Courts in this district have granted similar relief to that requested herein in a number of cases. *See, e.g.*, *In re Seadrill Limited*, No. 17-60079 (DRJ) (Bankr. S.D. Tex. Sept. 13, 2017) (granting a 45-day extension of the deadline to file schedules and statements); *In re Goodman Networks, Inc.*, No. 17-31575 (MI) (Bankr. S.D. Tex. Mar. 14, 2017) (granting a 60-day extension of the deadline to file schedules and statements); *In re CJ Holding Co.*, No. 16-33590 (DRJ) (Bankr. S.D. Tex. July 21, 2016) (granting a 30-day extension of the deadline to file schedules and statements); *In re SandRidge Energy, Inc.*, No. 16-32488 (DRJ) (Bankr. S.D. Tex. May 18, 2016) (granting a 30-day extension of the deadline to file schedules and statements); *In re Linn Energy LLC*, No. 16-60040 (DRJ) (Bankr. S.D. Tex. May 13, 2016) (granting a 47-day extension of the deadline to file schedules and statements).[2]

**Emergency Consideration**

9. Pursuant to Local Rule 9013-1(i), the Debtors respectfully request emergency consideration of this motion pursuant to Bankruptcy Rule 6003, which empowers a court to grant relief within the first 21 days after the commencement of a chapter 11 case "to the extent that relief is necessary to avoid immediate and irreparable harm." As set forth in this motion, the Debtors believe an immediate and orderly transition into chapter 11 is critical to the viability of their operations and that any delay in granting the relief requested could hinder the Debtors' operations and cause irreparable harm. Furthermore, the failure to receive the requested relief during the first 21 days of these chapter 11 cases would severely disrupt the Debtors' operations as this critical juncture and imperil the Debtors' restructuring. Accordingly, the Debtors submit

---

[2] Because of the voluminous nature of the orders cited herein, such orders have not been attached to this motion. Copies of these orders are available upon request to the Debtors' proposed counsel.

that they have satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 and, therefore, respectfully request that the Court approve the relief requested in this motion on an emergency basis.

## Reservation of Rights

10. Nothing contained herein is intended or shall be construed as: (a) an admission as to the validity of any prepetition claim against a Debtor entity; (b) a waiver of the Debtors' or any other party in interest's rights to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay a prepetition claims; (d) an implication or admission that any particular claim is of a type specified or defined in this motion or any order granting the relief requested by this motion; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (f) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law.

## Notice

11. The Debtors will provide notice of this motion to: (a) the Office of the U.S. Trustee for the Southern District of Texas; (b) the holders of the 20 largest unsecured claims against the Debtors (on a consolidated basis); (c) the United States Attorney's Office for the Southern District of Texas; (d) the Internal Revenue Service; (e) counsel for Metropolitan Partners Group Administration LLC, the administrative agent under the Debtors' senior loan and security agreement; (f) the state attorneys general for states in which the Debtors conduct business; and (g) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

**No Prior Request**

12.     No prior motion for the relief requested herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that the Court enter the Order, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Dated: February 2, 2019

Respectfully Submitted,

*/s/ Marcus Helt*

Marcus A. Helt (TX 24052187)
**FOLEY GARDERE**
Foley Lardner LLP
2021 McKinney Avenue
Suite 1600
Dallas, TX 75201
Telephone: (214) 999-3000
Facsimile: (214) 999-4667
Email: mhelt@foley.com

-and-

Jack G. Haake (*pro hac pending*)
**FOLEY & LARDNER LLP**
Washington Harbour
3000 K Street, N.W., Suite 600
Washington, D.C.  20007-5109
Telephone: (202) 295-4085
Facsimile: (202) 672-5399
Email: jhaake@foley.com

*Proposed Counsel for the Debtors and Debtors in Possession*

**Certificate of Service**

I certify that on February 2, 2019, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Marcus Helt*
Marcus A. Helt

4845-9753-9206.1