## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| BURKHALTER RIGGING, INC. | § | Case No. 19-30495 (MI) |
| | § | |
| Debtor. | § | |
| | § | |
| Tax I.D. No. 64-0538314 | § | |
| | § | |
| In re: | § | Chapter 11 |
| | § | |
| BURKHALTER TRANSPORT, INC. | § | Case No. 19-30496 (DRJ) |
| | § | |
| | § | |
| Debtor. | § | |
| | § | |
| Tax I.D. No. 03-0401511 | § | |
| | § | |
| In re: | § | Chapter 11 |
| | § | |
| BURKHALTER SPECIALIZED TRANSPORT, | § | Case No. 19-30497 (DRJ) |
| LLC | | |
| | § | |
| Debtor. | § | (Joint Administration Requested) |
| | § | |
| Tax I.D. No. 64-0822096 | § | |

## DEBTORS' EMERGENCY MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS (I) APPROVING THE DEBTORS' PROPOSED ADEQUATE ASSURANCE OF PAYMENT FOR FUTURE UTILITY SERVICES, (II) PROHIBITING UTILITY COMPANIES FROM ALTERING, REFUSING, OR DISCONTINUING SERVICES, AND (III) APPROVING THE DEBTORS' PROPOSED PROCEDURES FOR RESOLVING ADDITIONAL ASSURANCE REQUESTS

**THIS MOTION SEEKS ENTRY OF AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF**

**YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE**

**OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**EMERGENCY RELIEF HAS BEEN REQUESTED.  IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.  A HEARING WILL BE HELD ON THIS MATTER FOR FEBRUARY 6, 2019, AT 1:30 PM (CT) BEFORE THE HONORABLE MARVIN ISGUR, 515 RUSK STREET, COURTROOM 404, HOUSTON, TEXAS 77002.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

## SUMMARY

1.      Burkhalter Rigging, Inc. and its affiliates, as debtors and debtors-in-possession ("Debtors"), in the above-captioned chapter 11 cases ("Chapter 11 Cases"), by and through their counsel, hereby file this motion (the "Motion") seeking entry of interim and final orders (the "Interim Order" and "Final Order," respectively), substantially in the forms attached hereto as **Exhibit A** and **Exhibit B**, respectively (a) approving the Debtors' proposed adequate assurance of payment for future utility services; (b) prohibiting utility companies from altering, refusing, or discontinuing service; (c) approving the Debtors' proposed procedures for resolving additional adequate assurance requests; and (d) granting related relief.[1] In addition, the Debtors request that the Court schedule a final hearing to consider approval of this Motion on a final basis.

2.      A detailed description of the Debtors and their businesses, and the facts and circumstances supporting the Debtors' Chapter 11 Cases, are set forth in greater detail in the *Declaration of Delynn Burkhalter in Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), filed in these chapter 11 cases.

---

[1] For the avoidance of doubt, nothing in this Motion should be construed to expand, contract, or otherwise alter the terms, conditions, requirements and budgets imposed on the Debtors under the Debtors' postpetition financing documents (the "DIP Documents") and any order governing the Debtors' use of cash collateral and entry into the DIP Documents (the "DIP Order").

2

## JURISDICTION AND VENUE

3.    The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of Texas*, dated May 24, 2012 (the "Amended Standing Order"). The Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

4.    Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

5.    The bases for the relief requested herein are sections 105(a) and 366 of the Bankruptcy Code, Bankruptcy Rule 6003, and rule 9013-1(i) of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules").

## UTILITY SERVICES AND PROPOSED ADEQUATE ASSURANCE

### A.    The Utility Service and Utility Providers.

6.    The Debtors incur utility expenses for water, natural gas, electricity, telephone, cellular telephone, waste disposal, internet, and other essential services (collectively "Utility Services") in the ordinary course of their business. These Utility Services are provided by approximately five utility providers (as that term is used in section 366 of the Bankruptcy Code, collectively, the "Utility Providers") that deliver Utility Services to the Debtors as of the Petition Date include, but are not limited to, those that are listed on **Exhibit C** attached hereto (the "Utility Provider List").  The relief requested herein is requested with respect to all Utility Providers

3

providing Utility Services to the Debtors.  The Debtors reserve the right to amend and supplement Exhibit C by way of notice to the Court and parties in interest.

7.       On average, the Debtors spend approximately $19,000 each month, in the aggregate, on Utility Services, calculated as a historical average payment for the past five-month period that ended in January 31, 2019. As of the Petition Date, the Debtors owed approximately $11,354.21 for current and past utility bills and obligations to the Utility Providers.

8.       Preserving the Utility Services on an uninterrupted basis is essential to the Debtors' ongoing operations.  Any unplanned interruption of utility services for even a brief period of time will negatively impact the Debtors' operations, customer and business relationships, revenues, profits and likely jeopardize the Debtors' restructuring efforts.  Thus, it is imperative that the Utility Providers continue to provide their Utility Services without interruption.

**B.       Proposed Adequate Assurance of Payment**

9.       The Debtors intend to pay all post-petition obligations owed to the Utility Providers in a timely manner, and expect that their cash flows from operations will be sufficient to pay for all post-petition Utility Services.  To provide additional assurance of payment, the Debtors propose to deposit into a segregated account $9,500 (the "Adequate Assurance Deposit"), which represents an amount equal to approximately one half of the Debtors' average monthly cost of Utility Services, calculated based on the Debtors' average utility expenses over the five months ending in January 31, 2019. The Adequate Assurance Deposit will be held in the segregated account at Regions Bank N.A. for the benefit of the Utility Providers (the "Adequate Assurance Account") and for the duration of these chapter 11 cases and may be applied to any post-petition defaults in payment to the Utility Providers, subject to the terms and conditions of the DIP Documents and applicable orders authorizing the Debtors to enter into same. The Adequate Assurance Deposit will be held by the Debtors. The Debtors submit that the Adequate Assurance Deposit, in

4

conjunction with the Debtors' ability to pay for future utility services in accordance with their prepetition practices (collectively, the "Proposed Adequate Assurance"), constitutes sufficient adequate assurance to the Utility Providers in full satisfaction of section 366 of the Bankruptcy Code.

## C.     The Adequate Assurance Procedures

10.     In light of the severe consequences to the Debtors' businesses and operations that would result from any interruption in Utility Services, but recognizing the right of the Utility Providers to evaluate the Proposed Adequate Assurance, if a Utility Provider believes additional adequate assurance is required, it may request such assurance pursuant to the following procedures (the "Adequate Assurance Procedures"):

a.     The Debtors will serve a copy of this Motion and the order granting the relief requested herein to each Utility Provider within five (5) business days after entry of the order by the Court.

b.     Subject to paragraphs (c)-(f) herein, the Debtors will deposit the Adequate Assurance Deposit, in the aggregate amount of $9,500.00, in the Adequate Assurance Account within five business days after entry of the order granting this Motion.

c.     Each Utility Provider shall have the right to request the funds in the Adequate Assurance Account in the amount set forth for such Utility Provider in the column labeled "Proposed Adequate Assurance" on the Utility Service List.

d.     If an amount relating to Utility Services provided postpetition by a Utility Provider is unpaid, and remains unpaid beyond any applicable grace period, such Utility Provider may request a disbursement from the Adequate Assurance Account by giving notice to: (i) the Debtors, 2193 Highway 45 South, Columbus, MS 39701; (ii) proposed counsel for the Debtors, Foley Gardere, Foley & Lardner, L.L.P., 2021 McKinney Avenue, Suite 1600, Dallas, Texas 75201 Attn: Marcus Helt; (iii) the Office of the United States Trustee for the Southern District of Texas, 515 Rusk Street, Suite 3516, Houston, TX 77002, Attn: Hector Duran, Esq.; (iv) counsel to the DIP Agent, Stroock & Stroock & Lavan LLP, 180 Maiden Lane, New York, New York 10038, Attn: Brett Lawrence and Daniel Ginsberg and Haynes and Boone, LLP, 1221 McKinney, Suite 2100, Houston, Texas 77010, Attn: Kelli S. Norfleet; (v) the official committee of unsecured creditors (if any)

5

appointed in these chapter 11 cases and its counsel; and (vi) to the extent not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002 (collectively the "Notice Parties). The Debtors shall honor such request within five (5) business days after the date the request is received by the Debtors, subject to the ability of the Debtors and such requesting Utility Provider to resolve any dispute regarding such request without further order of the Court. To the extent a Utility Provider receives a disbursement from the Adequate Assurance Account, the Debtors shall replenish the Adequate Assurance Account in the amount disbursed without further notice to or order from the Court

e.  The portion of the Adequate Assurance Deposit attributable to each Utility Provider shall be returned to the Debtors on the earlier of (i) the reconciliation and payment by the Debtors of the Utility Provider's final invoice in accordance with applicable non-bankruptcy law following the Debtors' termination of Utility Services from such Utility Provider and (ii) the effective date of any chapter 11 plan confirmed in these chapter 11 cases.

f.  Any Utility Provider desiring additional assurances of payment in the form of deposits, prepayments, or otherwise must serve a request for additional assurance (an "Additional Assurance Request") on the Notice Parties.

g.  Any Additional Assurance Request must: (i) be in writing; (ii) identify the location for which the Utility Services are provided; (iii) summarize the Debtors' payment history relevant to the affected account(s); (iv) certify the amount that is equal to two (2) weeks of the Utility Services the Utility Provider provides to the Debtors, calculated as a historical average over the five (5) month period ending in January 31, 2019, and (v) certify that the Utility Provider does not already hold a deposit equal to or greater than two (2) weeks of Utility Services.

h.  Any Additional Assurance Request may be made at any time. If a Utility Provider fails to file and serve an Additional Assurance Request, the Utility Provider shall be (i) deemed to have received "satisfactory" adequate assurance of payment in compliance with section 366 of the Bankruptcy Code and (ii) forbidden from discontinuing, altering, or refusing Utility Services to, or discriminating against, the Debtors or account of any unpaid prepetition charges, or requiring additional assurance of payment other than Proposed Adequate Assurance Request.

i.  Upon the Debtors' receipt of any Additional Assurance Request, the Debtors shall promptly negotiate with such Utility Provider to resolve such Utility Provider's Additional Assurance Request.

j.  The Debtors may, in consultation with the DIP Agent (as such term is defined in the DIP Order), and without further order from the Court, resolve

6

any Additional Assurance Request by mutual agreement with a Utility Provider and, the Debtors may, in connection by such agreement, provide a Utility Provider with additional adequate assurance of payment, including, but not limited to, cash deposits, prepayments, or other forms of security if the Debtors believe that such adequate assurance is reasonable, subject to the terms of any collateral orders entered by the Court.

k.      If the Debtors and the Utility Provider are not able to reach an alternative resolution within fourteen (14) days of receipt of the Additional Assurance Request, the Debtors will request a hearing before the Court at the next regularly scheduled omnibus hearing to determine the adequacy of assurances of payment with respect to a particular Utility Provider (the "Determination Hearing") pursuant to section 366(c)(3) of the Bankruptcy Code.

l.      Pending resolution of any such Determination Hearing, the Utility Provider filing such Additional Assurance Request shall be prohibited from altering, refusing, or discontinuing Utility Services to the Debtors on account of unpaid charges for prepetition services or on account of any objections to the Proposed Adequate Assurance.

## D.      Modifications to the Utility Services List

11.      To the extent the Debtors identify new or additional Utility Companies or discontinue services from existing Utility Companies, the Debtors seek authority to add or remove parties from the Utility Services List, by filing a notice with the Court, without further order. For any Utility Provider that is subsequently added to the Utility Services List, the Debtors will serve such Utility Provider with a copy of the Court's order regarding Utility Services, including the Adequate Assurance Procedures. The Debtors request that the terms of such Utility Services order and the Adequate Assurance Procedures apply to any subsequently identified Utility Provider.

## BASIS FOR RELIEF

12.      Section 366 of the Bankruptcy Code protects a debtor against the immediate termination or alteration of utility services after the Petition Date. *See* 11 U.S.C. § 366. Section 366(c) of the Bankruptcy Code requires the debtor to provide "adequate assurance" of payment for postpetition services in a form "satisfactory" to the utility company within thirty (30) days of

7

the petition date, or the utility company may alter, refuse, or discontinue service. *See* 11 U.S.C. § 366(c)(2)*.* Section 366(c)(1) of the Bankruptcy Code provides a non-exhaustive list of examples for what constitutes "assurance of payment" 11 U.S.C. § 366(c)(1). Although the assurance of payment must be "adequate," it need not constitute an absolute guarantee of the debtors' ability to pay. *See, e.g.*, *In re Great Atl. & Pac. Tea. Co.*, 2011 WL 5546954, at *5 (Bankr. S.D.N.Y. Nov. 14, 2011) (finding that "[c]ourts will approve an amount that is adequate enough to insure against unreasonable risk of nonpayment, but are not required to give equivalent of a guaranty of payment in full"); *In re Caldor, Inc.*, 199 B.R. 1, 3 (S.D.N.Y. 1996) ("Section 266(b) requires . . . 'adequate assurance' of payment. The statute does not require absolute guarantee of payment."), *aff'd sub nom. Va. Elec. & Power Co. v. Caldor, Inc.*, 117 F.3d 646 (2d Cir. 1997).

13.     When considering whether a given assurance of payment is "adequate," the Court should examine the totality of the circumstances to make an informed decision as to whether the Utility Company will be subject to an unreasonable risk of nonpayment. *See In re Keydata Corp.*, 12 B.R. 156, 158 (B.A.P. 1st Cir. 1981) (citing *In re Cunha*, 1 B.R. 330 (Bankr. E.D. Va. 1979)); *In re Adelphia Bus. Solutions, Inc.*, 280 B.R. 63, 82−83 (Bankr. S.D.N.Y. 2002). In determining the level of adequate assurance, however, "a bankruptcy court must focus upon the need of the utility for assurance, and . . . require that the debtor supply no more than that, since the debtor almost perforce has a conflicting need to conserve scarce financial resources." *Va. Elec. & Power Co.*, 1117 F.3d at 650 (internal quotations omitted) (citing *In re Penn Jersey Corp.*, 72 B.R. 981, 985 (Bankr. E.D. Pa. 1987)).

14.     Here, the Utility Companies are adequately assured against any risk of nonpayment for future services. The Adequate Assurance Deposit and the Debtors' ongoing ability to meet obligations as they come due in the ordinary course, provides assurance of the Debtors' payment

of their future obligations. Moreover, the termination of the Utility Services could result in the Debtors' inability to operate their businesses to the determinant of all stakeholders. *In re Pilgrim's Pride Corp.*, No. 08-45664 (DML), 2009 WL 7313309, at \*2 (Bankr. N.D. Tex. Jan. 4, 2009) ("The consequences of an unexpected termination of utility service to [the debtors] could be catastrophic."); *cf In re Monroe Well Serv., Inc.*, 83 B.R. 317, 321−22 (Bankr. E.D. Pa. 1988) (nothing that without utility service the debtors "would have to cease operations" and that section 366 of the Bankruptcy Code "was intended to limit leverage held by utility companies, not increase it.").

15.     Courts are permitted to fashion reasonable procedures, such as the Adequate Assurance Procedures Proposed herein, to implement the protections afforded under section 366 of the Bankruptcy Code. *See, e.g.*, *In re Circuit City Stores, Inc.*, No. 08-35653, 2009 E.D. Va. Jan. 14, 2009) (stating that "the plain language of § 366 of the Bankruptcy Code allows the court to adopt the Procedures set forth in the Utility Order").  Such procedures are important because, without them, the Debtors "could be forced to address numerous requests by utility companies in an unorganized manner at a critical period in their efforts to reorganize." *Id.* Here, notwithstanding a determination that the Debtors' Proposed Adequate Assurance constitutes sufficient adequate assurance, any rights the Utility Companies believe they have under sections 366(d) and (c)(2) of the Bankruptcy Code are wholly preserved under the Adequate Assurance Procedures. *See id.* at \*5−6. The Utility Companies still may choose, in accordance with the Adequate Assurance Procedures, to request modification of the Proposed Adequate Assurance. *See id.* at \*6. The Adequate Assurance Procedures, however, avoid a haphazard and chaotic process whereby each Utility Company could make an extortionate, last-minute demand for adequate assurance that would force the Debtors to pay under the threat of losing critical Utility Services. *See id.* at \*5.

9

16.     The Adequate Assurance Procedures are reasonable and in accord with purposes of section 366 of the Bankruptcy Code, and thus the Debtors respectfully request the Court grant the relief herein. Indeed, Courts in this District have granted similar relief in other cases. *See, e.g.*, *See, e.g.*, *In re Vanguard Natural Resources, LLC*, No. 17-30560 (MI) (Bankr. S.D. Tex. Feb. 2, 2017) [Dkt. No. 274]; *In re Memorial Production Partners LP*, No. 17-30262 (MI) (Bankr. S.D. Tex. Jan. 17, 2017) [Dkt. No. 57]; *In re Shoreline Energy, LLC*, No. 16-35571 (DRJ) [Dkt. No. 40] (Bankr. S.D. Tex. Nov. 4, 2016); *In re Sandridge Energy, Inc.*, No. 16-32488 (DRJ) [Dkt. No. 91] (Bankr. S.D. Tex. May 18, 2016); *In re Linn Energy, LLC*, No. 16-60040 (DRJ) [Dkt. No. 85] (Bankr. S.D. Tex. May 13, 2016); *In re Midstates Petrol. Co.*, No. 16-32237 (Bankr. S.D. Tex. May 2, 2016) [Dkt. No. 72].[2]

17.     Further, the Court possesses the power, under section 105(a) of the Bankruptcy Code, to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). The Adequate Assurance Procedures and the Proposed Adequate Assurance are necessary and appropriate to carry out the provisions of the Bankruptcy Code, particularly section 366 thereof. Accordingly, the Court should exercise its powers under sections 366 and 105(a) of the Bankruptcy Code and approve both the Adequate Assurance Procedures and the Proposed Adequate Assurance.

## PROCESSING OF CHECKS AND ELECTRONIC FUND TRANSFERS SHOULD BE AUTHORIZED

18.     The Debtors have sufficient funds to pay the amounts described in the Motion in the ordinary course of business by virtue of expected cash flows from ongoing business operations and anticipated access to cash collateral. In addition, under the Debtors' existing cash management

---

[2]     Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Motion. Copies of these orders are available upon request of the Debtors' proposed counsel.

system, the Debtors can readily identify checks or wire transfer requests as relating to an authorized payment in respect of the Utility Services. Accordingly, the Debtors believe that checks or wire transfer requests, other than those relating to authorized payments, will not be honored inadvertently. Therefore, the Debtors respectfully request that the Court authorize all applicable financial institutions, when requested by the Debtors, to receive, process, honor, and pay any and all checks or wire transfer requests in respect of the relief requested in this Motion.

## EMERGENCY CONSIDERATION

19.     In accordance with Bankruptcy Local Rule 9013-1, the Debtors respectfully request emergency consideration of this Motion pursuant to Bankruptcy Rule 6003, which empowers a court to grant relief within the first 21 days after the commencement of a chapter 11 case "to the extent that relief is necessary to avoid immediate and irreparable harm." Here, the Debtors believe an immediate and orderly transition into chapter 11 is critical to the viability of their operations and that any delay in granting the relief requested could hinder the Debtors' operations and cause irreparable harm. Further, the failure to receive the requested relief during the first 21 days of these Chapter 11 Cases would severely disrupt the Debtors' operations at this critical juncture. Accordingly, the Debtors submit that they have satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 and, therefore, respectfully request that the Court approve the relief requested in this Motion on an emergency basis.

## RESERVATION OF RIGHTS

20.     Nothing contained herein or any actions taken pursuant to such relief is intended or should be construed as: (a) an admission as the validity of any prepetition claim against a Debtor entity; (b) waiver of the Debtors' right to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Motion or any order granting the relief

11

requested by this Motion; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (f) a waiver of the Debtors' rights under the Bankruptcy Code or any other applicable law.

**WAIVER OF BANKRUPTCY RULE 6004(A) AND 6004(H)**

21.     To implement the foregoing successfully, the Debtors request that the Court enter an order providing that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a) and excluding such relief from the 14-day stay period under the Bankruptcy Rule 6004(h).

**NOTICE**

The Debtors will provide notice of this motion to: (a) the Office of the U.S. Trustee for the Southern District of Texas; (b) the holders of the 20 largest unsecured claims against the Debtors (on a consolidated basis); (c) the United States Attorney's Office for the Southern District of Texas; (d) the Internal Revenue Service; (e) counsel for Metropolitan Partners Group Administration LLC, the administrative agent under the Debtors' senior loan and security agreement; (f) the state attorneys general for states in which the Debtors conduct business; and (g) any party that has requested notice pursuant to Bankruptcy Rule 2002.

22.     The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

**NO PREVIOUS REQUEST**

23.     No prior motion for the relief requested herein have been made by the Debtor to this or any other court.

*[Remainder of page intentionally left blank]*

12

## Conclusion

WHEREFORE, for the reasons set forth above and in the First Day Declaration, the Debtor respectfully requests that the Court enter the Orders substantially in the forms attached hereto as **Exhibit A** and **Exhibit B** (i) determining that the Utility Providers have been provided with adequate assurance of payment within the meaning of section 366 of the Bankruptcy Code by virtue of the Proposed Adequate Assurance, (ii) approving the Adequate Assurance Procedures as proposed herein, (iii) prohibiting the Utility Providers from altering, refusing, or discontinuing Utility Services on account of prepetition amounts outstanding and on account of any perceived inadequacy of the Adequate Assurance Procedures, (iv) determining that the Debtors are not required to provide any additional assurance beyond what is proposed in this Motion, (v) scheduling a Final Hearing to consider entry of the Final Order, and (vi) granting such other and further relief as requested herein or as the Court otherwise deems necessary and appropriate.

*[Remainder of page intentionally left blank]*

4817-1056-6278.2

Dated: February 1, 2019

Respectfully Submitted,

*/s/ Marcus A. Helt*

Marcus A. Helt (TX 24052187)
**FOLEY GARDERE**
Foley Lardner LLP
2021 McKinney Avenue
Suite 1600
Dallas, TX 75201
Telephone: (214) 999-3000
Facsimile: (214) 999-4667
Email: mhelt@foley.com

-and-

Jack G. Haake (*pro hac pending*)
**FOLEY & LARDNER LLP**
Washington Harbour
3000 K Street, N.W.
Suite 600
Washington, D.C.  20007-5109
Telephone: (202)-295-4085
Facsimile: (202)-672-5399
Email: jhaake@foley.com
***Proposed Counsel for the Debtors and Debtors in Possession***

14

## CERTIFICATE OF SERVICE

I do hereby certify that on February 1, 2019, a true and correct copy of the foregoing pleading was served via CM/ECF to all parties authorized to receive electronic notice in these cases.

/s/ Marcus A. Helt
Marcus A. Helt

**Exhibit A**

**Interim Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | § Chapter 11 |
| | § |
| BURKHALTER RIGGING, INC., *et al.*,[3] | § Case No. 19-30495 (MI) |
| | § |
| Debtors. | § (Joint Administration Requested) |
| | § **Re: Docket No. ___** |

**INTERIM ORDER (I) APPROVING THE DEBTORS' PROPOSED ADEQUATE
ASSURANCE OF PAYMENT FOR FUTURE UTILITY SERVICES, (II) PROHIBITING
UTILITY COMPANIES FROM ALTERING, REFUSING, OR DISCONTINUING
SERVICES, AND (III) APPROVING THE DEBTORS' PROPOSED PROCEDURES FOR
RESOLVING ADDITIONAL ASSURANCE REQUESTS**

Upon the motion (the "Motion")[4] of the above-captioned debtors and debtors-in-possession

(collectively, the "Debtors") for an entry of an interim order (this "Interim Order"), (a) approving

the Debtors' Proposed Adequate Assurance of payment for future utility services, (b) prohibiting

Utility Providers from altering, refusing, or discontinuing services, (c) approving the Adequate

Assurance Procedures for resolving Additional Assurance Requests, and (d) scheduling a final

hearing to consider approval of the Motion on a final basis, all as more fully set forth in the Motion;

and upon the First Day Declarations; and this Court having found that it has jurisdiction over this

matter pursuant to 28 U.S.C. §1334; and this Court having found that this is a core proceeding

pursuant to 28 U.S.C. § 157(b)(2); and that this Court may enter a final order consistent with

Article III of the United States Constitution; and this Court having found that venue of this

proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and

---

[3]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification
number, include: Burkhalter Rigging, Inc. (8314); Burkhalter Specialized Transport, LLC (1511); Burkhalter
Transport, Inc. (2096).  The address for all of the Debtors is 2193 Highway 45 South, Columbus, MS 39701.

[4]  Capitalized terms used but not otherwise defined shall have the meanings set forth to them in the Motion.

this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing, if any, before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceeding had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      Subject to the Adequate Assurance Procedures for resolving Additional Assurance Requests, the Motion is granted on an interim basis as set forth herein.

2.      The final hearing (the "Final Hearing") on the Motion shall be held on _____, 2019, at__:__ _.m., prevailing Central Time.  Any objections or responses to entry of a final order on the Motion shall be filed on or before 4:00 p.m., prevailing Central Time, on _____, 2019, and shall be served on:  (a) Foley Gardere, Foley & Lardner LLP, Marcus A. Helt, 2021 McKinney Avenue, Suite 1600, Dallas, TX 75201; (b) counsel to any statutory committee appointed in these cases; (c) the Authorities; (d) the Office of the U.S. Trustee for the Southern District of Texas, 515 Rusk Street, Suite 3516, Houston, Texas 77002; and (e) counsel to the DIP Agent, Stroock & Stroock & Lavan LLP, 180 Maiden Lane, New York, NY 10038, Attn: Brett Lawrence and Daniel Ginsberg and Haynes and Boone, LLP, 1221 McKinney, Suite 2100, Houston, Texas 77010, Attn: Kelli S. Norfleet.  In the event no objections to entry of the Final Order on the Motion are timely received, this Court may enter such Final Order without need for the Final Hearing.

2

3.      The Debtors shall serve a copy of the Motion and this Interim Order on each Utility Provider listed on the Utility Services List within five (5) business days after the date the Interim Order is entered.

4.      No later than five (5) business days after the date this Interim Order is entered, the Debtors shall cause the Adequate Assurance Deposit of $9,500.00 to be deposited into a segregated account and held during the pendency of these chapter 11 cases, subject to the terms and conditions of the DIP Documents and applicable orders authorizing the Debtors to enter into same.

5.      The Adequate Assurance Deposit, together with the Debtors' ability to pay for future utility services in the ordinary course of business subject to the Adequate Assurance Procedures, shall constitute adequate assurance of future payment as required by section 366 of the Bankruptcy Code. Notwithstanding anything to the contrary in the Motion, the Debtors may not consider any prepetition deposit held by a Utility Provider when determining the amount of postpetition deposit to be made on behalf of such Utility Provider.

6.      If an amount relating to Utility Services provided postpetition by a Utility Provider is unpaid, and remains unpaid beyond any applicable grace period, each Utility Provider shall have the right to request the funds in the Adequate Assurance Account in the amount set forth for such Utility Provider in the column labeled "Proposed Adequate Assurance" on the Utility Service List.

7.      Such Utility Provider may request a disbursement from the Adequate Assurance Account by giving notice to: (i) the Debtors, 2193 Highway 45 South, Columbus, MS 39701; (ii) proposed counsel for the Debtors, Foley Gardere, Foley & Lardner, LLP, 2021 McKinney Avenue, Suite 1600, Dallas, Texas 75201 Attn: Marcus Helt; (iii) the Office of the United States Trustee for the Southern District of Texas, 515 Rusk Street, Suite 3516, Houston, TX 77002, Attn: Hector Duran, Esq.; (iv) counsel to the DIP Agent, Stroock & Stroock & Lavan LLP, 180 Maiden Lane,

3

New York, New York 10038, Attn: Brett Lawrence and Daniel Ginsberg and Haynes and Boone, LLP, 1221 McKinney, Suite 2100, Houston, Texas 77010, Attn: Kelli S. Norfleet; (v) the official committee of unsecured creditors (if any) appointed in these chapter 11 cases and its counsel; and (vi) to the extent not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002 (collectively the "Notice Parties"). The Debtors shall honor such request within five (5) business days after the date the request is received by the Debtors, subject to the ability of the Debtors and such requesting Utility Provider to resolve any dispute regarding such request without further order of the Court. To the extent a Utility Provider receives a disbursement from the Adequate Assurance Account, the Debtors shall replenish the Adequate Assurance Account in the amount disbursed without further order of the Court.

8.      The portion of the Adequate Assurance Deposit attributable to each Utility Provider shall be returned to the Debtors on the earlier of (i) the reconciliation and payment by the Debtors of the Utility Provider's final invoice in accordance with applicable non-bankruptcy law following the Debtors' termination of Utility Services from such Utility Provider and (ii) the effective date of any chapter 11 plan confirmed in these chapter 11 cases.

9.      Until such time as the Court enters a final order on the Motion, all Utility Companies are prohibited from altering, refusing, or discontinuing services on account of any unpaid prepetition charges, the commencement of these chapter 11 cases, or any perceived inadequacy of the Proposed Adequate Assurance.

10.     The following Adequate Assurance Procedures are hereby approved on an interim basis:

        a.    The Debtors shall service a copy of the Motion and this Interim Order granting the relief requested herein to each Utility Provider within five (5) business days after entry of an order by the Court.

4

b.       Subject to paragraphs (c)-(f) herein, the Debtors shall deposit the Adequate Assurance Deposit, in the aggregate amount of $9,500.00 in the Adequate Assurance Account within five (5) business days after entry of this Interim Order.

c.       Any Utility Provider desiring additional assurances of payment in the form of deposits, prepayments, or otherwise must serve a request for additional assurance (an "<u>Additional Assurance Request</u>") on the Notice Parties.

d.       Any Additional Assurance Request must: (i) be in writing; (ii) identify the location for which the Utility Services are provided; (iii) summarize the Debtors' payment history relevant to the affected account(s); (iv) certify the amount that is equal to two (2) weeks of the Utility Services the Utility Provider provides to the Debtors, calculated as a historical average over the five (5) month period ending in January 31, 2019, and (v) certify that the Utility Provider does not already hold a deposit equal to or greater than two (2) weeks of Utility Services.

e.       Any Additional Assurance Request may be made at any time.

f.       Upon the receipt of any Additional Assurance Request, the Debtors shall promptly negotiate with such Utility Provider to resolve such Utility Provider's Additional Assurance Request.

g.       The Debtors may, in consultation with the DIP Agent (as such term is defined in the DIP Order), and without further order from the Court, resolve any Additional Assurance Request by mutual agreement with a Utility Provider and, the Debtors may, in connection by such agreement, provide a Utility Provider with additional adequate assurance of payment, including, but not limited to, cash deposits, prepayments, or other forms of security if the Debtors believe that such adequate assurance is reasonable, subject to the terms of any collateral orders entered by the Court.

h.       If the Debtors and the Utility Provider are not able to reach an alternative resolution within fourteen (14) days of receipt of the Additional Assurance Request, the Debtors will request a hearing before the Court at the next regularly scheduled omnibus hearing to determine the adequacy of assurances of payment with respect to a particular Utility Provider (the "<u>Determination Hearing</u>") pursuant to section 366(c)(3) of the Bankruptcy Code.

i.       Pending resolution of any such Determination Hearing, the Utility Provider filing such Additional Assurance Request shall be prohibited from altering, refusing, or discontinuing Utility Services to the Debtors on account of unpaid charges for prepetition services or on account of any objections to the Proposed Adequate Assurance.

11.     The Utility Companies are prohibited from requiring additional adequate assurance of payment other than pursuant to the Adequate Assurance Procedures.

12.     Unless and until a Utility Provider files an objection or serves an Additional Assurance Request, such Utility Provider shall be: (a) deemed to have received adequate assurance of payment "satisfactory" to such Utility Provider in compliance with section 366 of the Bankruptcy Code; and (b) forbidden to discontinue, alter, or refuse services to, or discriminate against, the Debtors on account of any unpaid prepetition charges, or require additional assurance of payment other than the Proposed Adequate Assurance.

13.     The Debtors are authorized, in consultation with the DIP Agent (as such term is defined in the DIP Order), following the giving of two (2) weeks' notice to the affected Utility Provider, and the Debtors having received no objection from any such Utility Provider, to add or remove any Utility Provider from the Utility Service List, and the Debtors shall add to or subtract from the Adequate Assurance Deposit an amount equal to one half of the Debtors' average monthly cost for each subsequently added or removed Utility Provider as soon as practicable without further order of the Court. If an objection is received, the Debtors shall request a hearing before this Court at the next omnibus hearing date, or such other date that the Debtors and the Utility Provider may agree. The Debtors shall not deduct from the Adequate Assurance Deposit the amount set aside for any Utility Provider that the Debtors seek to terminate or delete from the Utility Service List unless and until the two (2) week notice period has passed and the Debtors have not received any objection to termination or deletion from such Utility Provider, or until any such objection has been resolved consensually or by order of the Court. For Utility Companies that are added to the Utility Service List, the Debtors will cause a copy of this Interim Order, including the Adequate Assurance Procedures, to be served on such subsequently added Utility Provider. Any Utility

6

Provider subsequently added to the Utility List shall be bound by the Adequate Assurance Procedures. In addition, the Debtors will provide an Adequate Assurance Deposit in an amount equal to 50% of the Debtors' monthly utility consumption over the course of 5 months for any Utility Provider added to the Utility Services List as set forth herein.

14.     The relief granted herein is for all Utility Companies providing Utility Services to the Debtors and is not limited to those parties or entities listed on the Utility Service List.

15.     The Debtors' service of the Motion upon the Utility Services List shall not constitute an admission or concession that each such entity is a "utility" within the meaning of section 366 of the Bankruptcy Code, and the Debtors reserve all rights and defenses with respect thereto.

16.     Notwithstanding the relief granted in this Interim Order and any actions taken pursuant to such relief, nothing in this Interim Order shall be deemed: (a) an admission as to the validity of any prepetition claim against a Debtor entity; (b) a waiver of the Debtors' right to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Interim Order or the Motion; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (f) a waiver of the Debtors' rights under the Bankruptcy Code or any other applicable law.

17.     The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors'

7

designation of any particular check or electronic payment request as approved by this Interim Order.

18.     The Debtors are authorized to issue postpetition checks, or to affect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with any Utility Services.

19.     Notwithstanding anything to the contrary contained herein, nothing in this Order authorizes the use of cash collateral or debtor-in-possession financing.  The relief granted in this Order and any payment to be made hereunder shall be subject to the terms of the DIP Order (including with respect to any budgets governing or relating to such use), and to the extent there is any inconsistency between the terms of such DIP Order, and any action taken or proposed to be taken hereunder, the terms of the DIP Order shall control.

20.     The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

21.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules are satisfied by such notice.

22.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

23.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

8

24.     This Court retains exclusive jurisdiction with respect to all maters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.


Dated: _____, 2019          _____

                                UNITED STATES BANKRUPTCY JUDGE

**Exhibit B**

**Final Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| | § | |
| In re: | § | Chapter 11 |
| | § | |
| BURKHALTER RIGGING, INC., *et al.*,[5] | § | Case No. 19-30495 (MI) |
| | § | |
| Debtors. | § | (Joint Administration Requested) |
| | § | **Re: Docket No. ___** |

**FINAL ORDER (I) APPROVING THE DEBTORS' PROPOSED ADEQUATE**
**ASSURANCE OF PAYMENT FOR FUTURE UTILITY SERVICES, (II) PROHIBITING**
**UTILITY COMPANIES FROM ALTERING, REFUSING, OR DISCONTINUING**
**SERVICES, AND (III) APPROVING THE DEBTORS' PROPOSED PROCEDURES FOR**
**RESOLVING ADDITIONAL ASSURANCE REQUESTS**

Upon the motion (the "Motion")[6] of the above-captioned debtors and debtors in possession

(collectively, the "Debtors") for an entry of an final order (this "Final Order"), (a) approving the

Debtors' Proposed Adequate Assurance of payment for future utility services, (b) prohibiting

Utility Companies from altering, refusing, or discontinuing services, (c) approving the Adequate

Assurance Procedures for resolving Additional Assurance Requests, and (d) scheduling a final

hearing to consider approval of the Motion on a final basis, all as more fully set forth in the Motion;

and upon the First Day Declarations; and this Court having found that it has jurisdiction over this

matter pursuant to 28 U.S.C. §1334; and this Court having found that this is a core proceeding

pursuant to 28 U.S.C. § 157(b)(2); and that this Court may enter a final order consistent with

Article III of the United States Constitution; and this Court having found that venue of this

proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and

---

[5]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification
number, include: Burkhalter Rigging, Inc. (8314); Burkhalter Specialized Transport, LLC (1511); Burkhalter
Transport, Inc. (2096).  The address for all of the Debtors is 2193 Highway 45 South, Columbus, MS 39701.

[6]    Capitalized terms used but not otherwise defined shall have the meanings set forth to them in the Motion.

this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing, if any, before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceeding had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      Subject to the Adequate Assurance Procedures for resolving Additional Assurance Requests, the Motion is granted on a final basis as set forth herein.

2.      The Debtors shall serve a copy of the Motion and this Final Order on each Utility Company listed on the Utility Services List within five (5) business days after the date the Final Order is entered.

3.      The Debtors are authorized to cause the Adequate Assurance Deposit of $9,500.00 to be deposited into a segregated account and held during the pendency of these chapter 11 cases, subject to the terms and conditions of the DIP Documents and applicable orders authorizing the Debtors to enter into same.

4.      The Adequate Assurance Deposit, together with the Debtors' ability to pay for future utility services in the ordinary course of business subject to the Adequate Assurance Procedures, shall constitute adequate assurance of future payment as required by section 366 of the Bankruptcy Code. Notwithstanding anything to the contrary in the Motion, the Debtors may

2

not consider any prepetition deposit held by a Utility Provider when determining the amount of postpetition deposit to be made on behalf of such Utility Provider.

5.     If an amount relating to Utility Services provided postpetition by a Utility Company is unpaid, and remains unpaid beyond any applicable grace period, each Utility Company shall have the right to request the funds in the Adequate Assurance Account in the amount set forth for such Utility Company in the column labeled "Proposed Adequate Assurance" on the Utility Service List.

6.     Such Utility Company may request a disbursement from the Adequate Assurance Account by giving notice to: (i) the Debtors, 2193 Highway 45 South, Columbus, MS 39701; (ii) proposed counsel for the Debtors, Foley Gardere, Foley & Lardner, L.L.P., 2021 McKinney Avenue, Suite 1600, Dallas, Texas 75201 Attn: Marcus Helt; (iii) the Office of the United States Trustee for the Southern District of Texas, 515 Rusk Street, Suite 3516, Houston, TX 77002, Attn: Hector Duran, Esq.; (iv) counsel to the DIP Agent, Stroock & Stroock & Lavan LLP, 180 Maiden Lane, New York, New York 10038, Attn: Brett Lawrence and Daniel Ginsberg and Haynes and Boone, LLP, 1221 McKinney, Suite 2100, Houston, Texas 77010, Attn: Kelli S. Norfleet; (v) the official committee of unsecured creditors (if any) appointed in these chapter 11 cases and its counsel; and (vi) to the extent not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002 (collectively the "Notice Parties"). The Debtors shall honor such request within five (5) business days after the date the request is received by the Debtors, subject to the ability of the Debtors and such requesting Utility Company to resolve any dispute regarding such request without further order of the Court. To the extent a Utility Company receives a disbursement from the Adequate Assurance Account, the Debtors shall replenish the Adequate Assurance Account in the amount disbursed.

3

7.     The portion of the Adequate Assurance Deposit attributable to each Utility Company shall be returned to the Debtors on the earlier of (i) the reconciliation and payment by the Debtors of the Utility Company's final invoice in accordance with applicable non-bankruptcy law following the Debtors' termination of Utility Services from such Utility Company and (ii) the effective date of any chapter 11 plan confirmed in these chapter 11 cases.

8.     Until such time as the Court enters a final order on the Motion, all Utility Companies are prohibited from altering, refusing, or discontinuing services on account of any unpaid prepetition charges, the commencement of these chapter 11 cases, or any perceived inadequacy of the Proposed Adequate Assurance.

9.     The following Adequate Assurance Procedures are hereby approved on a final basis:

a.     The Debtors shall service a copy of the Motion and this Final Order granting the relief requested herein to each Utility Company within five (5) business days after entry of an order by the Court.

b.     Any Utility Company desiring additional assurances of payment in the form of deposits, prepayments, or otherwise must serve a request for additional assurance (an "Additional Assurance Request") on the Notice Parties.

c.     Any Additional Assurance Request must: (i) be in writing; (ii) identify the location for which the Utility Services are provided; (iii) summarize the Debtors' payment history relevant to the affected account(s); (iv) certify the amount that is equal to two (2) weeks of the Utility Services the Utility Company provides to the Debtors, calculated as a historical average over the five (5) month period ending in January 31, 2019, and (v) certify that the Utility Company does not already hold a deposit equal to or greater than two (2) weeks of Utility Services.

d.     Any Additional Assurance Request may be made at any time.

e.     Upon the receipt of any Additional Assurance Request, the Debtors shall promptly negotiate with such Utility Company to resolve such Utility Company's Additional Assurance Request.

f.     The Debtors may, in consultation with the DIP Agent (as such term is defined in the DIP Order), and without further order from the Court, resolve

4

any Additional Assurance Request by mutual agreement with a Utility Company and, the Debtors may, in connection by such agreement, provide a Utility Company with additional adequate assurance of payment, including, but not limited to, cash deposits, prepayments, or other forms of security if the Debtors believe that such adequate assurance is reasonable, subject to the terms of any collateral orders entered by the Court.

g.      If the Debtors and the Utility Company are not able to reach an alternative resolution within fourteen (14) days of receipt of the Additional Assurance Request, the Debtors will request a hearing before the Court at the next regularly scheduled omnibus hearing to determine the adequacy of assurances of payment with respect to a particular Utility Company (the "Determination Hearing") pursuant to section 366(c)(3) of the Bankruptcy Code.

h.      Pending resolution of any such Determination Hearing, the Utility Company filing such Additional Assurance Request shall be prohibited from altering, refusing, or discontinuing Utility Services to the Debtors on account of unpaid charges for prepetition services or on account of any objections to the Proposed Adequate Assurance.

10.      The Utility Companies are prohibited from requiring additional adequate assurance of payment other than pursuant to the Adequate Assurance Procedures.

11.      Unless and until a Utility Company files an objection or serves an Additional Assurance Request, such Utility Company shall be: (a) deemed to have received adequate assurance of payment "satisfactory" to such Utility Company in compliance with section 366 of the Bankruptcy Code; and (b) forbidden to discontinue, alter, or refuse services to, or discriminate against, the Debtors on account of any unpaid prepetition charges, or require additional assurance of payment other than the Proposed Adequate Assurance.

12.      The Debtors are authorized, in consultation with the DIP Agent (as such term is defined in the DIP Order), following the giving of two (2) weeks' notice to the affected Utility Company, and the Debtors having received no objection from any such Utility Company, to add or remove any Utility Company from the Utility Service List, and the Debtors shall add to or subtract from the Adequate Assurance Deposit an amount equal to one half of the Debtors' average

5

monthly cost for each subsequently added or removed Utility Company as soon as practicable. If an objection is received, the Debtors shall request a hearing before this Court at the next omnibus hearing date, or such other date that the Debtors and the Utility Company may agree. The Debtors shall not deduct from the Adequate Assurance Deposit the amount set aside for any Utility Company that the Debtors seek to terminate or delete from the Utility Service List unless and until the two (2) week notice period has passed and the Debtors have not received any objection to termination or deletion from such Utility Company, or until any such objection has been resolved consensually or by order of the Court. For Utility Companies that are added to the Utility Service List, the Debtors will cause a copy of this Final Order, including the Adequate Assurance Procedures, to be served on such subsequently added Utility Company. Any Utility Company subsequently added to the Utility List shall be bound by the Adequate Assurance Procedures. In addition, the Debtors will provide an Adequate Assurance Deposit in an amount equal to 50% of the Debtors' monthly utility consumption over the course of 6 months for any Utility Company added to the Utility Services List as set forth herein.

13. The relief granted herein is for all Utility Companies providing Utility Services to the Debtors and is not limited to those parties or entities listed on the Utility Service List.

14. The Debtors' service of the Motion upon the Utility Services List shall not constitute an admission or concession that each such entity is a "utility" within the meaning of section 366 of the Bankruptcy Code, and the Debtors reserve all rights and defenses with respect thereto.

15. Notwithstanding the relief granted in this Final Order and any actions taken pursuant to such relief, nothing in this Final Order shall be deemed: (a) an admission as to the validity of any prepetition claim against a Debtor entity; (b) a waiver of the Debtors' right to

6

dispute any prepetition claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Final Order or the Motion; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (f) a waiver of the Debtors' rights under the Bankruptcy Code or any other applicable law.

16.     The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Final Order.

17.     The Debtors are authorized to issue postpetition checks, or to affect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with any Utility Services.

18.     Notwithstanding anything to the contrary contained herein, nothing in this Order authorizes the use of cash collateral or debtor-in-possession financing.  The relief granted in this Order and any payment to be made hereunder shall be subject to the terms of the DIP Order (including with respect to any budgets governing or relating to such use), and to the extent there is any inconsistency between the terms of such DIP Order, and any action taken or proposed to be taken hereunder, the terms of the DIP Order shall control.

19.     The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

20.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules are satisfied by such notice.

21.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order are immediately effective and enforceable upon its entry.

22.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

23.     This Court retains exclusive jurisdiction with respect to all maters arising from or related to the implementation, interpretation, and enforcement of this Final Order.


Dated: _____, 2019          _____
                                UNITED STATES BANKRUPTCY JUDGE

8

**Exhibit C**

| Provider Name | Services Provided | Average Monthly $ Expenditure | Proposed Adequate Assurance |
|---|---|---|---|
| 4 County Electric Power Association | Electric Power | $4,269.51 | $2,134.76 |
| Columbus Light and Water | Water | $139.61 | $69.80 |
| Prairie Land and Water | | $161.77 | $80.89 |
| AT&T | Telephone | $3,485.43 | $1,742.72 |
| Verizon Wireless | Wireless Service | $10,872.55 | $5,436.28 |
| **TOTAL** | | $18,928.87 | ~$9,500.00 |