

ENTERED
02/14/2019

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| BURKHALTER RIGGING, INC., *et al.*,[1] | § § | Case No. 19-30495 (MI) |
| Debtors. | § § § | (Jointly Administered) |
| | § | **Re: Docket No. 8** |

### INTERIM ORDER (I) AUTHORIZING THE PAYMENT OF CERTAIN PREPETITION TAXES AND FEES AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an interim order (this "Interim Order"), (a) authorizing the Debtors to remit and pay prepetition Taxes and Fees, (b) scheduling a final hearing to consider approval of the Motion on a final basis, and (c) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §1334; this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Burkhalter Rigging, Inc. (8314); Burkhalter Specialized Transport, LLC (1511); Burkhalter Transport, Inc. (2096). The address for all of the Debtors is 2193 Highway 45 South, Columbus, MS 39701.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

1

4831-8572-3783.4

no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The final hearing (the "Final Hearing") on the Motion shall be held on March 6, 2019, at 1:30 p.m., prevailing Central Time. Any objections or responses to entry of a final order on the Motion shall be filed on or before 4:00 p.m., prevailing Central Time, on March 1, 2019, prevailing Central Time. In the event no objections to entry of a Final Order on the Motion are timely filed, this Court may enter such Final Order without need for the Final Hearing.

2. The Debtors are authorized, but not directed, to pay or remit the following prepetition Taxes and Fees:

| Taxing Authority | Amount | Description |
|---|---|---|
| Mississippi Department of Transportation | $19,546.40 | Annual Transportation Permit Fee |
| Louisiana Department of Transportation & Development | $13,610.00 | Annual Transportation Permit Fee |

3. The Debtors are authorized, but not directed, to pay Taxes and Fees that arise or accrue in the ordinary course of business on a postpetition basis consistent with prepetition practices.

4. The Debtors shall maintain a matrix of schedule of payments made pursuant to this Interim Order, including the following information: (a) the names of the payee; (b) the nature of the payment; (c) the amount of the payment; (d) the category or type of payment, as further

4831-8572-3783.4

described and classified in the Motion; (e) the Debtor or Debtors that made the payment; and (f) the payment date; and (g) the purpose of such payment.  Debtors shall provide a copy of such matrix to the U.S. Trustee, counsel to Metropolitan Partners Group Administration LLC, and counsel to any statutory committee appointed in these chapter 11 cases every other week beginning upon entry of this Interim Order.

5. Notwithstanding the relief granted in this Interim Order and any actions taken pursuant to such relief, nothing in this Interim Order shall be deemed: (a) an admission as to the validity of any prepetition claim against a Debtor entity; (b) a waiver of the Debtors' or any other party in interest's rights to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay a prepetition claims; (d) an implication or admission that any particular claim is of a type specified or defined in the Motion or any order granting the relief requested by the Motion; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (f) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law.

6. Notwithstanding anything to the contrary contained herein, nothing in this Interim Order authorizes the use of cash collateral or debtor-in-possession financing.  The relief granted in this Interim Order and any payment to be made hereunder shall be subject to the terms of the Emergency Cash Collateral Order [Dkt. No. 54] and any subsequent order of this Court authorizing the Debtors to use cash collateral or funds from debtor-in-possession financing (including with respect to any budgets governing or relating to such use) (collectively, "Cash Collateral Orders" and each a "Cash Collateral Order"), and to the extent there is any inconsistency between the terms of this Interim Order and a Cash Collateral Order, the terms of such Cash Collateral Order shall govern.

4831-8572-3783.4

7. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized and directed to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Interim Order.

8. The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with any Taxes and Fees the Debtors have been authorized to pay in this Interim Order.

9. The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

10. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules are satisfied by such notice.

11. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

12. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

13. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

Signed: February 14, 2019

_____
Marvin Isgur
United States Bankruptcy Judge

4831-8572-3783.4