UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE: § | |
| § | CASE NO. 19-30495 (MI) |
| BURKHALTER RIGGING, INC., et al.,[1] § | |
| § | CHAPTER 11 |
| DEBTORS. § | |
| § | JOINTLY ADMINISTERED |
| § | |

APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
TO EMPLOY LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD

**THIS APPLICATION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE APPLICATION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOUR RESPONSE MUST STATE WHY THE APPLICATION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE APPLICATION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE APPLICATION AT THE HEARING.**

**THERE WILL BE A HEARING ON THIS APPLICATION ON MARCH 22, 2019, AT 1:30 P.M. (CT) BEFORE THE HONORABLE MARVIN ISGUR, 515 RUSK STREET, COURTROOM 404, HOUSTON, TEXAS 77002.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

NOW COMES The Official Committee of Unsecured Creditors (the "<u>Committee</u>")

appointed in the above-captioned Chapter 11 case (the "<u>Case</u>") of Burkhalter Rigging, Inc.,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Burkhalter Rigging, Inc. (8314); Burkhalter Specialized Transport, LLC (1151); and Burkhalter Transport, Inc. (2096). The address for all of the Debtors is 2193 Highway 45 South, Columbus MS 30701.

Burkhalter Specialized Transport, LLC, and Burkhalter Transport, Inc. (collectively, the "Debtors") and files this application ("Application") pursuant to 11 U.S.C §§ 330 and 1103 and Federal Rule of Bankruptcy Procedure 2014 to employ Lugenbuhl, Wheaton, Peck, Rankin & Hubbard ("Lugenbuhl") as its counsel.  In support of this Application, the Committee respectfully moves as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. § 1334.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief sought herein are 11 U.S.C. §§ 327, 330 and 1103, Rule 2014 of the Federal Bankruptcy Rules, and Local Bankruptcy Rule 2014-1.

## BACKGROUND

4. On January 31, 2019, the Debtors filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. § 101, *et seq*. (the "Bankruptcy Code").  The Debtors' cases are being jointly-administered in the above Case pursuant to an Order of this Court entered February 4, 2019. [ECF Doc. 18]. The Debtors continue to operate their businesses and manage their assets as debtors-in-possession in accordance with §§ 1107 and 1108 of the Bankruptcy Code.

5. No trustee or examiner has been appointed pursuant to § 1104 of the Bankruptcy Code.

6. On February 19, 2019, the United States Trustee appointed the Committee pursuant to 11 U.S.C. § 1102.  [ECF Doc. 85].  The Committee is currently comprised of the

following members: (i) Tortorigi Transport, LLC; (ii) MARMAC, LLC d/b/a McDonough Marine Service; (iii) Fagioli, Inc.; (iv) Trinity Logistics, Inc.; and (v) Capital City Group.

7. On February 21, 2019, the Committee made the decision to retain Lugenbuhl as its counsel in this Case.

## RELIEF REQUESTED

8. The Committee desires to retain and employ Lugenbuhl as its counsel in this Case, *nunc pro tunc* to February 21, 2019 pursuant to Rule 2014-1(b)(1). The Committee has selected the Lugenbuhl firm as its counsel because of the expertise and experience of the firm's attorneys in bankruptcy cases including representing creditors' committees in chapter 11 cases. Attorneys at Lugenbuhl have previously represented creditors' committees, debtors, creditors, and post-confirmation trustees in a number of significant bankruptcy proceedings, including those in this District. Furthermore, Lugenbuhl's broad-based practice, which includes expertise in the areas of finance, litigation, maritime law, and real estate, as well as bankruptcy, will permit it to represent fully the interests of the Committee in an efficient and effective manner. Given the nature of this Case, the Committee believes that retention of Lugenbuhl as its counsel is appropriate and necessary.

9. By this Application, the Committee respectfully requests that this Court enter an Order in substantially the form attached hereto as **Exhibit "A"** authorizing the Committee to employ and retain Lugenbuhl as its attorneys, pursuant to §§ 330 and 1103(a) of the Bankruptcy Code.

## SCOPE OF EMPLOYMENT

10. The professional services that the Committee expects Lugenbuhl will be called upon to render include, but shall not be limited to, the following:

(a) consulting with the Debtors' professionals or representatives concerning the administration of this Case;

(b) preparing and reviewing pleadings, motions and correspondence;

(c) appearing at and being involved in proceedings before this Court;

(d) providing legal counsel to the Committee in its investigation of the acts, conduct, assets, liabilities, and financial condition of the Debtors, the operation of the Debtors' businesses, and any other matters relevant to this Case;

(e) analyzing the Debtors' proposed use of cash collateral and/or debtor-in-possession financing;

(f) advising the Committee with respect to its rights, duties and powers in this Case;

(g) assisting the Committee in analyzing the claims of the Debtors' creditors and in negotiating with such creditors;

(h) assisting the Committee in its analysis of and negotiations with the Debtors or any third party concerning matters related to, among other things, the terms of a sale, plan of reorganization or other conclusion of this Case;

(i) assisting and advising the Committee as to its communications to the general creditor body regarding significant matters in this Case;

(j) assisting the Committee in determining a course of action that best serves the interests of the unsecured creditors; and

(k) performing any such other legal services as may be required under the circumstances of this Case and are deemed to be in the interests of the Committee in accordance with the Committee's powers and duties as set forth in the Bankruptcy Code.

It is necessary for the Committee to retain counsel to perform these services and to otherwise assist the Committee in fulfilling its statutory duties under the Bankruptcy Code.

### LUGENBUHL IS DISINTERESTED AND DOES NOT HOLD OR REPRESENT ANY ADVERSE INTEREST

11. To the best of the Committee's knowledge, and based on the representations of the shareholders of Lugenbuhl, including the Declaration of Benjamin W. Kadden, attached hereto as **Exhibit "B"** and incorporated herein, (the "Kadden Declaration"), Lugenbuhl represents no other entity in this Case, is disinterested as that term is defined in 11 U.S.C. § 101, and represents or holds no adverse interest in connection with this Case.

12. Before being retained by the Committee, Lugenbuhl served as counsel in this matter

for one creditor of the Debtors, MARMAC, LLC d/b/a McDonough Marine Service. Additionally, Lugenbuhl has previously represented another creditor of the Debtors, Central Boat Rentals, Inc., in matters wholly unrelated to this Case. Lugenbuhl has filed a *Notice of Withdrawal as Counsel for MARMAC, LLC d/b/a McDonough Marine Service*, (ECF Doc. 88), and has ceased to and will not again represent that client individually in this matter.

13.     Accordingly, the above-mentioned relationships do not present conflicts and will not impair Lugenbuhl's ability to represent the Committee effectively in this Case.

14.     Lugenbuhl has not received a retainer in this Case.

15.     As set forth in the Kadden Declaration, the attorneys sought to be employed have no connection to or affiliation with any of the U.S. Trustee's Offices in the Southern District of Texas or any employee(s) of that entity.

## COMPENSATION

16.     Subject to this Court's approval and in accordance with §§ 330 and 331 of the Bankruptcy Code, the Federal Bankruptcy Rules and the Orders and Rules of this Court, the Committee requests that Lugenbuhl be compensated on an hourly basis, and be reimbursed for the actual, necessary expenses it incurs, which may include, but are not limited to, postage, overnight mail, courier delivery, transportation, overtime expenses, computer-assisted legal research, photocopying, facsimile transmissions, airfare, meals, and lodging. Consistent with local practices, nonworking travel time will be charged at half rates.

17.     Lugenbuhl has advised the Committee that the current hourly rates applicable to the principal attorneys and paralegal(s) proposed to represent the Committee are (table appears on following page):

5

| Professional | Rate Per Hour |
|---|---|
| Stewart F. Peck | $475 |
| Christopher T. Caplinger | $425 |
| Benjamin W. Kadden | $400 |
| Meredith S. Grabill | $375 |
| Joseph P. Briggett | $350 |
| James W. Thurman | $225 |
| Marissa S. Lopez | $110 |

18. Lugenbuhl respectfully submits that these rates are reasonable in light of the quality and skill of services being provided, consistent with or below the market rates, and vary appropriately with the seniority and experience of the individuals assigned. These hourly rates are subject to periodic adjustments to reflect economic and other conditions that are consistent with the rates charged in the locale where the professional primarily practices.

19. Lugenbuhl will be compensated as set forth herein and reimbursed for reasonable and necessary expenses, subject to Court approval under the applicable sections of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of this Court, and pursuant to any Court-approved payment procedures for professionals in this Case.

20. Lugenbuhl has agreed to accept as compensation such sums as may be allowed by the Court. Lugenbuhl understands that interim and final fee awards are subject to approval by this Court. Lugenbuhl shall use best efforts to comply with requests by the Office of the U.S. Trustee for information and additional disclosures.

21. Other than as set forth above, there is no proposed arrangement to compensate Lugenbuhl in connection with its representation of the Committee.

**NOTICE**

22. Notice of this Application will be provided to: (i) the Office of the United States Trustee; (ii) the Debtors and their counsel; (iii) any party whose interests are directly affected by this Application; (iv) those persons who have formally appeared and requested notice and service

in this Case pursuant to Bankruptcy Rules 2002; (v) counsel for and the members of any official committees appointed by this Court; (vi) the twenty (20) largest unsecured creditors of the Debtors; and (vii) all parties listed on the Master Service List maintained by the Debtors' claims noticing agent.

**WHEREFORE**, the Committee respectfully requests that the Court enter an order substantially in the form attached hereto as **Exhibit "A"** (i) granting this Application, (ii) authorizing the Committee to retain and employ Lugenbuhl in this Case effective as of February 21, 2019, and (iii) granting such other and further relief as this Court may deem just and proper. Respectfully submitted this 29th day of February 2019.

> THE OFFICIAL COMMITTEE OF UNSECURED
> CREDITORS OF BURKHALTER RIGGING,
> INC., et al.
>
> By: _____
> Name: Rebecca Cooper
> Title: Committee Chairperson