**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| | § | |
| In re: | § | Chapter 11 |
| | § | |
| BURKHALTER RIGGING, INC., *et al.,*[1] | § | Case No. 19-30495 (MI) |
| | § | |
| Debtors. | § | (Jointly Administered) |
| | § | |

**SCHEDULES OF ASSETS AND LIABILITIES FOR
BURKHALTER TRANSPORT, INC.
(19-30496)**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Burhalter Rigging Inc. (8314); Burkhalter Specialized Transport, LLC (1511); Burkhalter Transport, Inc. (2096). The address for all of the Debtors is 16525 FM 521 Rosharon, TX 77583.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | § Chapter 11 |
| | § |
| BURKHALTER RIGGING, INC., *et al.*,[1] | § Case No. 19-30495 (MI) |
| | § |
| Debtors. | § (Jointly Administered) |
| | § |

**GLOBAL NOTES, METHODOLOGY, AND SPECIFIC**
**DISCLOSURES REGARDING THE DEBTORS' SCHEDULES OF**
**ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS**

**Introduction**

Burkhalter Rigging, Inc., ("Burkhalter") and its debtor affiliates, as debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), with the assistance of their advisors, have filed their respective Schedules of Assets and Liabilities (the "Schedules") and Statements of Financial Affairs (the "Statements," and together with the Schedules, the "Schedules and Statements") with the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Bankruptcy Court"), pursuant to section 521 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

These *Global Notes, Methodology, and Specific Disclosures Regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs* (the "Global Notes") pertain to, are incorporated by reference in, and comprise an integral part of all of the Debtors' Schedules and Statements. The Global Notes should be referred to, considered, and reviewed in connection with any review of the Schedules and Statements.

The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("GAAP"), nor are they intended to be fully reconciled with the financial statements of each Debtor. Additionally, the Schedules and Statements contain unaudited information that is subject to further review, potential adjustment, and reflect the Debtors' commercially reasonable efforts to report the assets and liabilities of each Debtor on an unconsolidated basis.

The Debtors and their agents, attorneys, and financial advisors do not guarantee or warrant the accuracy or completeness of the data that is provided herein and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts, errors, or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Burkhalter Rigging, Inc. (8314); Burkhalter Specialized Transport, LLC (1511); Burkhalter Transport, Inc. (2096). The address for all of the Debtors is 16525 FM 521 Rosharon, TX 77583.

or delivering the information contained herein.  While commercially reasonable efforts have been made to provide accurate and complete information herein, inadvertent errors or omissions may exist.  The Debtors and their agents, attorneys and financial advisors expressly do not undertake any obligation to update, modify, revise, or re-categorize the information provided herein, or to notify any third party should the information be updated, modified, revised, or re-categorized.  In no event shall the Debtors or their agents, attorneys and financial advisors be liable to any third party for any direct, indirect, incidental, consequential, or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtors or damages to business reputation, lost business or lost profits), whether foreseeable or not and however caused, even if the Debtors or their agents, attorneys, and financial advisors are advised of the possibility of such damages.

Mr. Ryan Bouley, the Debtors' Chief Restructuring Officer,[2] has signed each of the Schedules and Statements.  Mr. Bouley is an authorized signatory for each of the Debtors.  In reviewing and signing the Schedules and Statements, Mr. Bouley necessarily has relied upon the efforts, statements, and representations of various personnel employed by the Debtors and their advisors.  Mr. Bouley has not (and could not have) personally verified the accuracy of each statement and representation contained in the Schedules and Statements, including statements and representations concerning amounts owed to creditors, classification of such amounts, and creditor addresses.

## Global Notes and Overview of Methodology

1. **Basis of Presentation.**  Except as otherwise noted, the asset and liability information provided herein represents the Debtors' data regarding their assets as and liabilities as of January 31, 2019.

    For financial reporting purposes, the Debtors ordinarily prepare combined financial statements with a fiscal year-end of September 30th.  Unlike the combined financial statements, the Schedules and Statements reflect the assets and liabilities of each Debtor on a non-consolidated, non-combined basis, except where otherwise indicated.  Accordingly, the totals listed in the Schedules will likely differ, at times materially, from the combined financial reports prepared by the Debtors for financial reporting purposes or otherwise.

    The Schedules do not purport to represent financial statements prepared in accordance with GAAP, nor are they intended to be fully reconciled with the financial statements of each Debtor.  Additionally, the Schedules contain unaudited information that is subject to further review and potential adjustment, and reflect the Debtors' reasonable best efforts to report the assets and liabilities of each Debtor on a non-combined basis.  Moreover, given, among other things, the uncertainty surrounding the collection and ownership of certain assets and the valuation and nature of certain liabilities, to the extent that a Debtor shows more assets than liabilities, this is not an admission that the Debtor was solvent as of the Petition Date or at any time before the Petition Date.  Likewise, to the extent a Debtor shows more

---

[2] Mr. Bouley's employment application is still pending.  *See* Docket No. 101.

liabilities than assets, this is not an admission that the Debtor was insolvent as of the Petition Date or at any time before the Petition Date.

2. **Reservation of Rights.** Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements; however, inadvertent errors or omissions may exist. The Debtors reserve all rights to (i) amend or supplement the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate, including, without limitation, the right to amend the Schedules and Statements with respect to any and all claim ("Claim") descriptions, designations, or Debtor(s) against which the Claim is asserted; (ii) dispute or otherwise assert offsets or defenses to any Claim reflected in the Schedules and Statements as to amount, liability, priority, status or classification; (iii) subsequently designate any Claim as "disputed," "contingent," or "unliquidated;" or object to the extent, validity, enforceability, priority or avoidability of any Claim. Any failure to designate a Claim in the Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such Claim or amount is not "disputed," "contingent," or "unliquidated." Listing a Claim does not constitute an admission of liability by the Debtor against which the Claim is listed or against any of the Debtors. Furthermore, nothing contained in the Schedules and Statements shall constitute a waiver of rights with respect to the Debtors' chapter 11 cases, including, without limitation, issues involving Claims, substantive consolidation, defenses, equitable subordination, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers. Any specific reservation or rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph. Notwithstanding the foregoing, the Debtors shall not be required to update the Schedules and Statements.

3. **Description of Cases and "As Of" Information Date.** On January 31, 2019 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

On February 4, 2019, the Bankruptcy Court entered the *Order (I) Directing Joint Administration of Chapter 11 Cases and (II) Granting Related Relief* [Docket No. 17]. On February 19, 2019, the United States Trustee for the Southern District of Texas filed the *Notice of Appointment of Official Committee of Unsecured Creditors* pursuant to section 1102(a) of the Bankruptcy Code [Docket No. 85].

The asset and liability information provided herein represents the asset and liability data of the Debtors as of the close of business on January 31, 2019, except as otherwise noted.

4. **Financial Statements.** The Debtors have a traditional monthly close practice and prepare combined financial statements for all debtors on a regular monthly basis. The Debtors fiscal year runs from October 1st through September 30th.

5. **Net Book Value of Assets.** It would be prohibitively expensive, unduly burdensome, and an inefficient use of estate assets for the Debtors to obtain current market valuations for all

of their assets.  Accordingly, unless otherwise indicated, the Schedules and Statements reflect the Debtors' best estimate of net book values as of January 31, 2019.  There may be certain exceptions to this as noted in the Schedules.  Assets with a net book value of zero may not be set forth in the Schedules or scheduled with undetermined amounts.  Parties are cautioned that book value is not, in any way, indicative of the fair market value of any of the Debtors' assets.

Book values of assets prepared in accordance with GAAP generally do not reflect the current performance of the assets or the impact of the commodity price environment and may differ materially from the actual value and/or performance of the underlying assets.

The net book values may differ materially from fair market values or the amounts ultimately realized.

6.   **Property Rights—Generally.**  Exclusion of certain property from the Schedules and Statements shall not be construed as an admission that such property rights have been abandoned, terminated, assigned, expired by their terms, or otherwise transferred pursuant to a sale, acquisition, or other transaction.  Conversely, inclusion of certain property in the Schedules and Statements shall not be construed as an admission that such property rights have not been abandoned, terminated, assigned, expired by their terms, or otherwise transferred pursuant to a sale, acquisition, or other transaction.

The Debtors have made diligent efforts to attribute property to each applicable Debtor, it is possible that property attributed to a particular Debtor may, in fact, be owned by another.  The Debtors reserve all of their rights with respect to the legal status of any and all such property rights.

7.   **Personal Property.**  In the ordinary course of their businesses, the Debtors may lease furniture, fixtures, and equipment from certain third-party lessors for use in the daily operation of their business.  Nothing in the Schedules and Statements is or shall be construed as an admission regarding any determination as to the legal status of any lease (including whether any lease is a true lease or a financing arrangement), and the Debtors reserve all of their rights with respect to any such issue.

The Debtors have made diligent efforts to attribute property to each applicable Debtor, it is possible that property attributed to a particular Debtor may, in fact, be owned by another.  The Debtors reserve all of their rights with respect to the legal status of any and all such property rights.

8.   **Recharacterization.** Notwithstanding the Debtors' commercially reasonable efforts to properly characterize, classify, categorize, or designate certain Claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements, the Debtors may nevertheless have improperly characterized, classified, categorized, designated, or omitted certain items due to the complexity and size of the Debtors' businesses.  Accordingly, the Debtors reserve all of their rights to re-characterize, reclassify, recategorize, redesignate, add, or delete items reported in the Schedules and Statements at a later time as is necessary or appropriate as additional information becomes

available, including, without limitation, whether contracts or leases listed herein were deemed executory or unexpired as of the Petition Date and remain executory and unexpired postpetition. Disclosure of information in one or more Schedules, one or more Statements, or one or more exhibits or attachments to the Schedules or Statements, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedules, Statements, exhibits, or attachments.

9. **Liabilities.** The Debtors have sought to allocate liabilities between the prepetition and postpetition periods based on the information and research conducted in connection with the preparation of the Schedules and Statements. As additional information becomes available and further research is conducted, the allocation of liabilities between the prepetition and postpetition periods may change. Accordingly, the Debtors reserve all of their rights to amend, supplement, or otherwise modify the Schedules and Statements as is necessary or appropriate.

The liabilities listed on the Schedules do not reflect any analysis of Claims under section 503(b)(9) of the Bankruptcy Code. Accordingly, the Debtors reserve all of their rights to dispute or challenge the validity of any asserted Claims under section 503(b)(9) of the Bankruptcy Code or the characterization of the structure of any such transaction or any document or instrument related to any creditor's Claim.

10. **Excluded Assets and Liabilities.** The Debtors have excluded certain categories of assets, tax accruals, and liabilities from the Schedules and Statements, including, without limitation, accrued salaries, employee benefit accruals, and accrued accounts payable. The Debtors also have excluded rejection damage Claims of counterparties to executory contracts and unexpired leases that may or may not be rejected, to the extent such damage Claims exist. In addition, certain immaterial assets and liabilities may have been excluded.

11. **Insiders.** Solely for purposes of the Schedules and Statements, the Debtors defined "insiders" as: (a) directors; (b) officers; (c) persons in control of the Debtors; and (d) relatives of the Debtors' directors, officers or persons in control of the Debtors. Persons listed as "insiders" have been included for informational purposes only and by including them in the Schedules and Statements, shall not constitute an admission that those persons are insiders for purposes of section 101(31) of the Bankruptcy Code. Moreover, the Debtors do not take any position with respect to: (a) any insider's influence over the control of the Debtors; (b) the management responsibilities or functions of any such insider; (c) the decision making or corporate authority of any such insider; or (d) whether the Debtors or any such insider could successfully argue that he or she is not an "insider" under applicable law or with respect to any theories of liability or for any other purpose.

12. **Intellectual Property Rights.** Exclusion of certain intellectual property shall not be construed as an admission that such intellectual property rights have been abandoned, terminated, assigned, expired by their terms, or otherwise transferred pursuant to a sale, acquisition, or other transaction.

In addition, although the Debtors have made diligent efforts to attribute intellectual property to the rightful Debtor entity, in certain instances, intellectual property owned by

one Debtor may, in fact, be owned by another Debtor or by an affiliate. Accordingly, the Debtors reserve all of their rights with respect to the legal status of any and all such intellectual property rights.

13.   **Executory Contracts.**   Although the Debtors made diligent attempts to attribute an executory contract to its rightful Debtor, in certain instances, the Debtors may have inadvertently failed to do so due to the complexity and size of the Debtors' businesses. Accordingly, the Debtors reserve all of their rights with respect to the named parties of any and all executory contracts, including the right to amend Schedule G.

The Debtors' executory contracts and unexpired leases have been set forth in Schedule G. The Debtors' rejection of executory contracts and unexpired leases may result in the assertion of rejection damage claims; the Schedules and Statements do not reflect any claims for rejection damages. The Debtors reserve the right to make any arguments and objections with respect to the assertion of any claims related to contracts or leases, including that any contract or lease identified on Schedule G is not an executory contract or unexpired lease for purposes of section 365 of the Bankruptcy Code.

14.   **Materialman's/Mechanic's Liens.**   The inventories, property, and equipment listed in the Schedules and Statements are presented without consideration of any materialman's or mechanic's liens.

15.   **Classifications.**   Listing (a) a Claim on Schedule D as "secured," (b) a Claim on Schedule E/F as "priority," (c) a Claim on Schedule E/F as "unsecured," or (d) a contract on Schedule G as "executory" or "unexpired," does not constitute an admission by the Debtors of the legal rights of the claimant or a waiver of the Debtors' rights to re-characterize or reclassify such Claims or contracts or to setoff of such Claims.

16.   **Claims Description.**   Schedules D and E/F permit each of the Debtors to designate a Claim as "disputed," "contingent," and/or "unliquidated." Any failure to designate a Claim on a given Debtor's Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by that Debtor that such amount is not "disputed," "contingent," or "unliquidated," or that such Claim is not subject to objection. The Debtors reserve all of their rights to dispute, or assert offsets or defenses to, any Claim reflected on their respective Schedules and Statements on any grounds, including liability or classification. Additionally, the Debtors expressly reserve all of their rights to subsequently designate such Claims as "disputed," "contingent" or "unliquidated." Moreover, listing a Claim does not constitute an admission of liability by the Debtors.

17.   **Causes of Action.**   Despite their commercially reasonable efforts to identify all known assets, the Debtors may not have listed all of their causes of action or potential causes of action against third-parties as assets in the Schedules and Statements, including, without limitation, causes of actions arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers. The Debtors reserve all of their rights with respect to any cause of action (including avoidance actions), controversy, right of setoff, cross claim, counterclaim, or recoupment and any claim on contracts or for breaches of duties imposed by law or in equity, demand, right,

action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind or character whatsoever, known, unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertable directly or derivatively, whether arising before, on, or after the Petition Date, in contract or in tort, in law or in equity, or pursuant to any other theory of law (collectively, "Causes of Action") they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any claims or Causes of Action or in any way prejudice or impair the assertion of such claims or Causes of Action.

18. **Summary of Significant Reporting Policies.**  The following is a summary of significant reporting policies:

- _Undetermined Amounts_.  The description of an amount as "unknown," "TBD" or "undetermined" is not intended to reflect upon the materiality of such amount.

- _Totals_.  All totals that are included in the Schedules and Statements represent totals of all known amounts.  To the extent there are unknown or undetermined amounts, the actual total may be different than the listed total.

- _Paid Claims_.  The Debtors were authorized (but not directed) to pay certain outstanding prepetition Claims pursuant to various orders entered by the Bankruptcy Court.  To the extent the Debtors pay any of the Claims listed in the Schedules and Statements pursuant to any orders entered by the Bankruptcy Court, the Debtors reserve all of their rights to amend or supplement the Schedules and Statements or take other action as is necessary or appropriate to avoid over-payment of or duplicate payments for any such liabilities.

- _Liens_.  Property and equipment listed in the Schedules and Statements are presented without consideration of any liens that may attach (or have attached) to such property and equipment.

19. **Estimates and Assumptions.**  To prepare and file the Schedules in accordance with the deadline established in the Debtors' chapter 11 cases, management was required to make certain estimates and assumptions that affected the reported amounts of these assets and liabilities.  Actual results could differ from those estimates, perhaps materially. The Debtors reserve all rights to amend the reported amounts of assets and liabilities to reflect changes in those estimates or assumptions.

20. **Currency.** Unless otherwise indicated, all amounts are reflected in U.S. dollars.

21. **Intercompany Payables and Receivables.**  Intercompany payables and receivables between the Debtors are set forth on Schedule E/F or Schedule A/B.77, as applicable.

As described more fully in the _Debtors' Emergency Motion for Entry of Order (I) Allowing Debtors to Temporarily Use their Existing Bank Account (II) Granting a 45 Day Extension for Debtors to Comply with the Operating Guidelines and Reporting Requirements for_

*Debtors in Possession and (III) Granting Related Relief* [Docket No. 13] (the "Cash Management Motion"), BRI maintains the Debtors' main operating account, which receives and disburses funds, as necessary, to accounts maintained at the various Debtors.

The listing by the Debtors of any account between a Debtor and another Debtor or between a Debtor and a non-Debtor affiliate is a statement of what appears in a particular Debtor's books and records and does not reflect any admission or conclusion of the Debtors regarding the allowance, classification, characterization, validity, or priority of such account. The Debtors take no position in these Schedules and Statements as to whether such accounts would be allowed as a Claim, an Interest, or not allowed at all. As such, the amounts for intercompany balances are scheduled as undetermined. The Debtors and all parties in interest reserve all rights with respect to such accounts.

22.     **Setoffs.** The Debtors periodically incur certain setoffs in the ordinary course of business.

Setoffs in the ordinary course can result from various items including, but not limited to, intercompany transactions, pricing discrepancies, returns, warranties, refunds, negotiations and/or disputes between the Debtors and their customers and/or suppliers. These normal setoffs are consistent with the ordinary course of business in the Debtors' industry and can be particularly voluminous, making it unduly burdensome and costly for the Debtors to list such ordinary course setoffs. Therefore, although such setoffs and other similar rights may have been accounted for when scheduling certain amounts, these ordinary course setoffs are not independently accounted for, and as such, are or may be excluded from the Debtors' Schedules and Statements.

23.     **Confidentiality.** In certain instances, the sensitivity of certain information may require its omission from the Schedules and Statements. To the extent possible, the alterations, redactions, consolidations, and omissions have been limited to the extent determined by the Debtors to be necessary or appropriate to protect the Debtors or third parties while also providing interested parties with sufficient information in response to the Schedules and Statements. The Debtors have not included home addresses of current and former employees or directors and customer names and addresses in the Schedules and Statements. The Debtors will mail any required notice or other documents to the address listed in their books and records for such individuals.

24.     **Global Notes Control.** In the event that the Schedules and Statements differ from these Global Notes, the Global Notes shall control.

## Specific Disclosures with Respect to the Debtors' Schedules

**Schedule A/B.3.** The bank account balances listed are as of the Petition Date.

**Schedule A/B.8.** The Debtors maintain certain insurance policies essential to continued operations. The terms of these policies are characteristic of insurance policies typically maintained by corporate entities that are similar in size and nature to the Debtors. The Debtors maintain various policies of insurance, including, but not limited to, property, casualty, motor vehicles,

workers' compensation, general liability, and director and officer liability.  As more fully set forth in the *Debtors' Emergency Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Maintain Existing Insurance Coverage and Existing Insurance Premium Financing Agreements, (B) Satisfy all Prepetition Obligations Related to that Insurance Coverage in the Ordinary Course of Business, and (C) Renew, Supplement, or Enter into New Insurance Coverage in the Ordinary Course of Business, and (II) Granting Related Relief Notice under BLR (9013-1(b) and 9013-1(i)* [Docket No. 13] (the "Insurance Motion"), certain policy premiums are financed.

**Schedule A/B.11.**  The Debtors have disclosed the net book value with respect to accounts receivable listed on Schedule A/B.11, which represents the amount of the accounts receivable netted by any "doubtful accounts."  Further, amounts include intercompany receivable balances, the collectability of which is unknown.

**Schedule A/B.47 & 50.**  For convenience purposes, and due to the interest of time, all of the Debtors titled and un-titled automobiles, machinery, and equipment are listed in schedule 50. The value of the Debtor's interest is reflected at net book value.

**Schedule A/B.55.**  The Debtors leasehold improvements are included at net book value and are improvements to the Debtors leased property that is not owned by the Debtors.

**Schedule A/B.63.**  For confidentiality reasons, the Debtors have not provided a customer list.

**Schedule A/B.70.**  Please refer to Schedule G for a listing of all executory contracts.  The valuations as to the Debtors' interest in these agreements is unknown at the time of filing.

**Schedule A/B.72.**  In certain instances, the Debtors have submitted tax returns that are currently pending in which the Debtors may be entitled to a tax refund.  As such, the value of the Debtors' interest is estimated, as the applicable taxing authorities may dispute the Debtors' tax returns or reach a settlement on the exact amount of any tax refund.  The Debtors have not made any determination that a tax refund is an asset of a particular Debtor, and the Debtors reserve all of their rights on this issue.  NOL's have not been scheduled as any benefit to the Debtors of the NOL's to offset future taxable income has not been determined.

**Schedule A/B.74 & 75.**  In the ordinary course of their businesses, the Debtors may have accrued, or may subsequently accrue, certain rights to causes of action, counterclaims, setoffs, or refunds with their contract counterparties, suppliers, or vendors or potential warranty claims against their suppliers or vendors.  The Debtors reserve all of their rights with respect to such potential causes of action, counterclaims, setoffs, refunds, and claims, including the right to amend Schedule A/B.75 & 75.

**Schedule D.**  Except as otherwise agreed pursuant to a stipulation or order entered by the Bankruptcy Court, the Debtors reserve their rights to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset of a secured creditor listed on Schedule D of any Debtor.  Moreover, although the Debtors have scheduled claims of various creditors as secured claims, the Debtors reserve all of their rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument related to such creditor's claim.

The descriptions provided in Schedule D are solely intended to be a summary, and not an admission of liability.

Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent, and priority of liens.  Nothing in the Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements.  Except as specifically stated herein, real property lessors, utility companies, and other parties that may hold security deposits have not been listed on Schedule D. The Debtors reserve all of their rights to amend Schedule D to the extent that the Debtors determine that any claims associated with such agreements should be reported on Schedule D.  Nothing herein shall be construed as an admission by the Debtors of the legal rights of the claimant or a waiver of the Debtors' rights to recharacterize or reclassify such claim or contract.

Moreover, the Debtors have not included on Schedule D parties that may believe their claims are secured through setoff rights or inchoate statutory lien rights.  Where an administrative agent or trustee serves with respect to any prepetition secured debt, only the administrative agent or trustee, as applicable, is listed as the creditor on Schedule D and not any other party that may hold a portion of the debt.

The claim amounts listed reflect approximate amounts as of the Petition Date.

**Schedule E/F.** The listing by the Debtors of any account between a Debtor and another Debtor or between a Debtor and a non-Debtor affiliate is a statement of what appears in a particular Debtor's books and records and does not reflect any admission or conclusion of the Debtors regarding the allowance, classification, characterization, validity, or priority of such account.  The Debtors take no position in these Schedules and Statements as to whether such accounts would be allowed as a Claim, an Interest, or not allowed at all.  As such, the amounts for intercompany balances are scheduled as undetermined.  The Debtors and all parties in interest reserve all rights with respect to such accounts.

The Bankruptcy Court has authorized the Debtors, in their discretion, to pay certain liabilities that may be entitled to priority under the applicable provisions of the Bankruptcy Code.  For example, on February 6, 2019, the Bankruptcy Court entered the *Final Order (I) Authorizing The Debtors to (A) Pay Prepetition Wages, Salaries, Other Compensation, and Reimbursable Expenses and (B) Continue Employee Benefits Programs and (II) Granting Related Relief* [Docket No. 52] (the "Wages and Benefits Order"), authorizing the Debtors to pay or honor certain prepetition obligations with respect to employee wages, salaries and other compensation, accrued and unpaid vacation liability, reimbursable employee expenses, and similar benefits.  As a result of the Wages and Benefits Order, the Debtors believe that employee claims for prepetition wages have been or will be satisfied, and such amounts are not listed in the Debtors' Schedules.

The Bankruptcy Court has also authorized the Debtors to pay, in their discretion, certain outstanding claims on a postpetition basis.  Certain Debtors may pay claims listed on Schedule F during these chapter 11 cases pursuant to orders of the Bankruptcy Court and reserve all of their rights to amend or supplement Schedule E/F or take other action as necessary or appropriate to avoid overpayment of, or duplicate payments for, any such liabilities.

In addition, the Debtors have received authority by order of the Bankruptcy Court to pay certain taxes, including, but not limited to, sales, use, franchise, income, and payroll taxes.  The Debtors believe that certain claims on account of such taxes have been or will be satisfied.  Out of an abundance of caution, however, the Debtors have listed the taxing authorities on Schedule E/F for each Debtor as "undetermined".

The Debtors have used their best reasonable efforts to report all prepetition general unsecured claims against the Debtors on Schedule E/F based upon the Debtors' existing books and records as of the Petition Date.  The claims of individual creditors for, among other things, various services may not reflect credits or allowances due from such creditors to the applicable Debtor.  Schedule E/F may not reflect invoices received by the Debtors after the Petition Date on account of prepetition goods and services.  The Debtors reserve all of their rights with respect to any credits and allowances, including the right to assert objections and/or setoffs with respect to same.

The claims listed on Schedule E/F arose or were incurred on various dates.  In certain instances, the date on which a claim arose, including whether such claim arose before or after the Debtors initiated these chapter 11 cases, is an open issue of fact.  Although reasonable efforts have been made to identify the date of incurrence of each claim, determining the date upon which each claim in Schedule E/F was incurred or arose would be unduly burdensome and cost prohibitive and, therefore, when the date the debt was incurred was not readily available, the Debtors have listed the date as "various".

Schedule E/F does not include certain deferred charges, deferred liabilities, accruals, or general reserves.  While not listed on Schedule E/F, such amounts are, reflected on the Debtors' books and records to the extent required in accordance with GAAP.  Such accruals are general estimates of liabilities and do not represent specific claims as of the Petition Date.

Certain of the claims described on Schedule E/F as "litigation claims" may include potential or threatened legal disputes that are not formally recognized by an administrative, judicial, or other adjudicative forum due to certain procedural conditions that counterparties have yet to satisfy.  Any information contained in Schedule E/F with respect to such potential litigation shall not be a binding representation on the Debtors' liabilities with respect to any of the potential suits and proceedings included herein.  Some of the claims involved in litigation listed on Schedule E/F may be subject to subordination pursuant to section 510 of the Bankruptcy Code.

The Debtors expressly incorporate by reference into Schedule E/F all parties to pending litigation listed in Statement 7 as contingent, unliquidated, and disputed claims, to the extent not already listed on Schedule E/F.

To the extent they are known, Schedule E/F reflects the prepetition amounts owing to counterparties to executory contracts and unexpired leases.  Such prepetition amounts, however, may be paid in connection with the assumption or the assumption and assignment of an executory contract or unexpired lease.  Additionally, Schedule E/F does not include potential rejection damage claims, if any, of the counterparties to executory contracts and unexpired leases that may be rejected.

**Schedule G.**  The Debtor's business is complex.  Although the Debtor's existing books, records, and financial systems have been relied upon to identify and schedule executory contracts and unexpired leases at each of the Debtors and diligent efforts have been made to ensure the accuracy of each Debtor's Schedule G, inadvertent errors, omissions, or over-inclusion may have occurred. Certain information, such as the contract information of the counterparty, may not be included where such information could not be obtained using the Debtors' reasonable efforts.

Listing a contract or lease on Schedule G does not constitute an admission by the Debtors as to the validity or enforceability of any such contract or lease, an admission that such contract is an executory contract or unexpired lease or an admission that such contract or lease was in effect on the Petition Date.  The Debtors hereby reserve all of their rights to dispute the validity, status, or enforceability of any contracts, leases, or other agreements set forth on Schedule G and to amend or supplement Schedule G as necessary.  Certain of the contracts and leases listed on Schedule G may contain certain renewal options, guarantees of payment, indemnifications, options to purchase, rights of first refusal, and other miscellaneous rights.  Such rights, powers, duties, and obligations are not set forth separately on Schedule G.

Omission of a contract or lease from Schedule G does not constitute an admission by the Debtors that such omitted contract or lease is not an executory contract or unexpired lease.  The Debtors' rights under the Bankruptcy Code with respect to any such omitted contracts or leases are not waived by the omission and are hereby reserved in full.  Schedule G may be amended at any time to add any omitted contract, agreement or lease.

Certain of the instruments reflected on Schedule G may contain renewal options, guarantees of payments, options to purchase, rights of first refusal, rights to lease additional lands, and other miscellaneous rights. Such rights, powers, duties, and obligations are not separately set forth on Schedule G.  The Debtors hereby expressly reserve the right to assert that any instrument listed on Schedule G is an executory contract within the meaning of section 365 of the Bankruptcy Code. The Debtors reserve all of their rights, claims, and causes of action with respect to claims associated with any contracts and agreements listed on the Schedules, including their right to dispute or challenge the characterization or the structure of any transaction, document, or instrument (including any intercompany agreement) related to a creditor's claim.

Certain confidentiality and non-compete agreements may not be listed on Schedule G.  The Debtors reserve all of their rights with respect to such agreements.

Certain of the contracts and agreements listed on Schedule G may consist of several parts, including, purchase orders, amendments, restatements, waivers, letters and other documents that may not be listed on Schedule G or that may be listed as a single entry.  The Debtors expressly reserve their rights to challenge whether such related materials constitute an executory contract or unexpired lease, a single contract or lease, or multiple, severable, or separate contracts or leases.

The contracts, agreements, and leases listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda, and other documents, instruments, and agreements that may not be listed therein despite the Debtors' use of reasonable efforts to identify such documents.  Further, unless otherwise specified on Schedule G, each executory contract or

unexpired lease listed thereon shall include all exhibits, schedules, riders, modifications, declarations, amendments, supplements, attachments, restatements, or other agreements made directly or indirectly by any agreement, instrument, or other document that in any manner affects such executory contract or unexpired lease, without respect to whether such agreement, instrument, or other document is listed thereon.

The Debtors have made a reasonable effort to determine the effective date and expiration date of each executory contract and unexpired lease for Schedule G.  In some cases, the dates listed on Schedule G are estimated.  To determine the exact expiration date for particular contracts or leases, parties are advised to review the individual contracts or leases, rather than simply relying on the dates listed on Schedule G.  The Debtors reserve all their rights in this regard.

Although the Debtors made diligent attempts to attribute an executory contract or unexpired lease to its rightful Debtor, in certain instances, the Debtors may have inadvertently failed to do so.  Accordingly, the Debtors reserve all of their rights with respect to the named parties of any and all executory contracts and unexpired leases, including the right to amend Schedule G.

The listing of any contract or lease on Schedule G does not constitute an admission by the Debtors as to the validity of any such contract or lease or that such contract or lease is an executory contract or unexpired lease.  The Debtors reserve all of their rights to dispute the effectiveness of any such contract or lease listed on Schedule G or to amend Schedule G at any time to remove any contract or lease.

.

### Specific Disclosures with Respect to the Debtors' Statements

**Statements 1 and 2.**  For financial reporting purposes, the Debtors ordinarily prepare combined financial statements, and determine their gross revenue on a combined basis in the ordinary course of business.  Unlike the combined financial statements, the Statements reflect the business and non-business revenue of each Debtor on a non-consolidated and non-combined basis, except where otherwise indicated.  Accordingly, the totals listed in the Statements may differ, at times materially, from the consolidated and combined financial reports prepared by the Debtors for financial reporting purposes or otherwise.  The Debtors fiscal year-end runs from October 1st to September 30th. Statements 1 and 2 reflect the Debtors' gross revenue from business and non-business revenue (including interest and other income) for fiscal years 2017 and 2018 and for the period October 1, 2018 through January 31, 2019.  The revenue listed is based on the Debtors' books and records. The gross revenues from the business and non-business revenues include intercompany revenues for services provided by one Debtor to another Debtor.

**Statement 3.**  Statement 3 includes any disbursement or other transfer made by the Debtors except for those made to insiders (included in Statement 4), employee payroll and expense reimbursements and interbank transfers done as part of the Debtors' cash management system.  In Statement 3, disbursements made on account of multiple invoices may be reflected as a single payment.

As described more fully in the Cash Management Motion, all disbursements listed in Statement 3 are made through the Debtors' cash management system.  Burkhalter Rigging, Inc. is the Debtors'

main operating entity, and the vast majority of the revenues received and disbursements paid by the Debtors flow through bank accounts held in the name of this Debtor.  It would be unduly burdensome and administratively inefficient to attribute specific payments made (or portions of payments) to individual Debtors.   Therefore, the Debtors have reflected such payments on Statement 3 for Burkhalter Rigging, Inc.

**Statement 4.**   Statement 4 accounts for the Debtors' cash transfers to or for the benefit of insiders. The listing of any person or entity is not intended to be nor shall it be construed as a legal characterization of such party as an insider under applicable law, and does not act as an admission of any fact, claim, right, or defense, and all such rights, claims and defenses are hereby reserved.

Directors and officers listed as transferees in Statement 4 may be (i) directors or officers of Burkhalter Rigging, Inc., as well as directors or officers of other Debtors or non-Debtor affiliates or (ii) former directors or officers no longer employed by the Debtors.

Insider payments for all Debtor entities are shown on Statement 4 for Burkhalter Rigging, Inc. Directors and officers listed as transferees in Statement 4 may be directors and officers of one or more Debtors.

**Statement 7.**   Information provided in Statement 7 includes only those legal disputes and administrative proceedings that are formally recognized by an administrative, judicial or other adjudicative forum.   In the Debtors' attempt to provide full disclosure, to the extent a legal dispute or administrative proceeding is not formally recognized by an administrative, judicial or other adjudicative forum due to certain procedural conditions that counterparties have yet to satisfy, the Debtors have identified such matters on Schedule F for the applicable Debtor.   Additionally, any information contained in Statement 7 shall not be a binding representation of the Debtors' liabilities with respect to any of the suits and proceedings identified therein.

**Statement 11.**   Disbursements listed in Statement 11 were initiated and disbursed by Burkhalter Rigging, Inc., but were for the benefit of all Debtors.

**Statement 25.**   The dates of existence of the businesses for which the Debtors have an interest reflect the year of incorporation of the entity reflected and do not reflect the incorporation dates of any predecessor entities.

**Statement 26d.**   The Debtors provide certain parties, such as its lenders, potential investors, customers, vendors, its financial and tax advisors and other business partners with financial statements.   The Debtors do not maintain complete lists to track such disclosures and therefore has not provided lists of these parties in response to this question.

**Statement 30.**   Please see Statement 4 of this form for transfers to insiders.

**Fill in this information to identify the case:**

Debtor name: Burkhalter Transport, Inc.

United States Bankruptcy for the District of: Southern Texas

Case number: 19-30496

☐ Check if this is an amended filing

---

## Summary of Assets

**1. Schedule A/B: Assets - Real and Personal Property** (Official Form 206A/B)

1a. **Real property:**
    Copy line 88 from Schedule A/B                                          $0.00

1b. **Total personal property:**
    Copy line 91A from Schedule A/B                                    $157,238.17

1c. **Total of all property:**
    Copy line 92 from Schedule A/B                                     $157,238.17

## Summary of Liabilities

**2. Schedule D: Creditors Who Have Claims Secured by Property** (Official Form 206D)        $0.00
Copy the total dollar amount listed in Column A, Amount of claim, from line 3 of Schedule D

**3. Schedule E/F: Creditors Who Have Unsecured Claims** (Official Form 206E/F)

3a. **Total claim amounts of priority unsecured claims:**
    Copy the total claims from Part 1 from line 5a of Schedule E/F                 $0.00

3b. **Total amount of claims of nonpriority amount of unsecured claims:**
    Copy the total of the amount of claims from Part 2 from line 5b of Schedule E/F    $3,000.92

**4. Total Liabilities**
Lines 2 + 3a + 3b                                                          $3,000.92

**Fill in this information to identify the case:**

Debtor name: Burkhalter Transport, Inc.

United States Bankruptcy for the District of: Southern Texas

Case number: 19-30496

☐ Check if this is an amended filing

## Official Form 206A/B
## Schedule A/B: Assets — Real and Personal Property 12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

| Part 1: | Cash and cash equivalents |
| --- | --- |

**1. Does the debtor have any cash or cash equivalents?**

☐ No. Go to Part 2.

☑ Yes. Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | Current value of debtor's interest |
| --- | --- |

**2. Cash on hand**

| 2.1 | | $0.00 |
| --- | --- | --- |

**3. Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

| | Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account # | |
| --- | --- | --- | --- | --- |
| 3.1 | TRUSTMARK BANK | CHECKING | 9715 | $45.74 |

**4. Other cash equivalents** *(Identify all)*

| 4.1 | | $0.00 |
| --- | --- | --- |

**5. Total of Part 1**

Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.

$45.74

**Part 2:** **Deposits and prepayments**

**6. Does the debtor have any deposits or prepayments?**

⦿ No. Go to Part 3.

◯ Yes. Fill in the information below.

| | Current value of debtor's interest |
|---|---|
| **7. Deposits, including security deposits and utility deposits**<br>Description, including name of holder of deposit | |
| 7.1 _____ | $0.00 |
| | |
| **8. Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**<br>Description, including name of holder of prepayment | |
| 8.1 _____ | $0.00 |

**9. Total of Part 2**

Add lines 7 through 8. Copy the total to line 81.

$0.00

**Part 3:** **Accounts receivable**

**10. Does the debtor have any accounts receivable?**

◯ No. Go to Part 4.

⦿ Yes. Fill in the information below.

Current value of debtor's interest

**11. Accounts receivable**

| 11a. | 90 days old or less: | 48,042.43 | - 0.00 | = ........ → | $48,042.43 |
|---|---|---|---|---|---|
| | | face amount | doubtful or uncollectible accounts | | |
| 11b. | Over 90 days old: | 0.00 | - 0.00 | = ........ → | $0.00 |
| | | face amount | doubtful or uncollectible accounts | | |

**12. Total of Part 3**

Current value on lines 11a + 11b = line 12. Copy the total to line 82.

$48,042.43

| Part 4: | Investments |
|---------|-------------|

**13. Does the debtor own any investments?**

○ No. Go to Part 5.

○ Yes. Fill in the information below.

| | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|

**14. Mutual funds or publicly traded stocks not included in Part 1**
Name of fund or stock:

| 14.1 _____ | _____ | $0.00 |

**15. Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture**

Name of entity:                          % of ownership:

| 15.1 _____ | _____ % | _____ | $0.00 |

**16. Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1**
Describe:

| 16.1 _____ | _____ | $0.00 |

**17. Total of Part 4**

Add lines 14 through 16. Copy the total to line 83.

| | $0.00 |

| Part 5: | Inventory, excluding agriculture assets |
|---------|------------------------------------------|

**18. Does the debtor own any inventory (excluding agriculture assets)?**

○ No. Go to Part 6.

○ Yes. Fill in the information below.

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| **19. Raw materials** | | | | |
| _____ | _____ | $ _____ | _____ | $0.00 |
| **20. Work in progress** | | | | |
| _____ | _____ | $ _____ | _____ | $0.00 |

**21. Finished goods, including goods held for resale**

_____     _____   $ _____     _____     $0.00

**22. Other inventory or supplies**

_____     _____   $ _____     _____     $0.00

**23. Total of Part 5**

Add lines 19 through 22. Copy the total to line 84.

| $0.00 |
|-------|

24. Is any of the property listed in Part 5 perishable?

○ No

○ Yes

**25. Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**

○ No

○ Yes     Book value   $ _____     Valuation method   _____     Current value   $ _____

26. Has any of the property listed in Part 5 been appraised by a professional within the last year?

○ No

○ Yes

| Part 6: | Farming and fishing-related assets (other than titled motor vehicles and land) |
|---------|--------------------------------------------------------------------------------|

27. Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?

○ No. Go to Part 7.

○ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---------------------|-------------------------------------------------------|------------------------------------------|-------------------------------------|
| **28. Crops—either planted or harvested** | | | |
| _____ | $ _____ | _____ | $0.00 |
| **29. Farm animals** _Examples:_ Livestock, poultry, farm-raised fish | | | |
| _____ | $ _____ | _____ | $0.00 |
| **30. Farm machinery and equipment** (Other than titled motor vehicles) | | | |
| _____ | $ _____ | _____ | $0.00 |
| **31. Farm and fishing supplies, chemicals, and feed** | | | |
| _____ | $ _____ | _____ | $0.00 |

**32. Other farming and fishing-related property not already listed in Part 6**

_____   $ _____   _____   $0.00

**33. Total of Part 6**

Add lines 28 through 32. Copy the total to line 85.

$0.00

**34. Is the debtor a member of an agricultural cooperative?**

○ No

○ Yes. Is any of the debtor's property stored at the cooperative?

    ○ No

    ○ Yes

**35. Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**

○ No

○ Yes   Book value $ _____   Valuation method _____   Current value $ _____

**36. Is a depreciation schedule available for any of the property listed in Part 6?**

○ No

○ Yes

**37. Has any of the property listed in Part 6 been appraised by a professional within the last year?**

○ No

○ Yes

**Part 7:**  Office furniture, fixtures, and equipment; and collectibles

**38. Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

○ No. Go to Part 8.

○ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **39. Office furniture** | | | |
| 39.1 _____ | $ _____ | _____ | $0.00 |
| **40. Office fixtures** | | | |
| 40.1 _____ | $ _____ | _____ | $0.00 |
| **41. Office equipment, including all computer equipment and communication systems equipment and software** | | | |
| 41.1 _____ | $ _____ | _____ | $0.00 |

**42. Collectibles** *Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles

42.1 _____   $ _____   _____   $0.00 _____

**43. Total of Part 7**

Add lines 39 through 42. Copy the total to line 86.

$0.00

**44. Is a depreciation schedule available for any of the property listed in Part 7?**

- ◉ No
- ○ Yes

**45. Has any of the property listed in Part 7 been appraised by a professional within the last year?**

- ◉ No
- ○ Yes

| Part 8: | Machinery, equipment, and vehicles |
|---------|-----------------------------------|

**46. Does the debtor own or lease any machinery, equipment, or vehicles?**

- ○ No. Go to Part 9.
- ◉ Yes. Fill in the information below.

| General description<br>Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **47. Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles** | | | |
| 47.1 _____ | $ _____ | _____ | $0.00 _____ |
| **48. Watercraft, trailers, motors, and related accessories** Examples: Boats, trailers, motors, floating homes, personal watercraft, and fishing vessels | | | |
| 48.1 _____ | $ _____ | _____ | $0.00 _____ |
| **49. Aircraft and accessories** | | | |
| 49.1 _____ | $ _____ | _____ | $0.00 _____ |
| **50. Other machinery, fixtures, and equipment (excluding farm machinery and equipment)** | | | |
| 50.1 _____<br>SEE ATTACHED SCHEDULE A/B 50 EXHIBIT | $ 109,150.00 | **BOOK VALUE** | $109,150.00 |

**51. Total of Part 8.**

Add lines 47 through 50. Copy the total to line 87.

$109,150.00

**52. Is a depreciation schedule available for any of the property listed in Part 8?**

○ No
● Yes

**53. Has any of the property listed in Part 8 been appraised by a professional within the last year?**

○ No
● Yes

| Part 9: | Real Property |
|---------|---------------|

**54. Does the debtor own or lease any real property?**

○ No. Go to Part 10.
● Yes. Fill in the information below.

**55. Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| Description and location of property<br>Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building), if available. | Nature and extent of debtor's interest in property | Net book value of debtor's interest<br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 55.1  CORPORATE HEADQUARTERS, 2193 US-45, COLUMBUS, MS 39701 | LEASED PROPERTY | $ 0.00 | N/A | $0.00 |
| 55.2  FILED OFFICE/YARD, 16525 FM 251, ROSHARON, TX 77583 | LEASED PROPERTY | $ 0.00 | N/A | $0.00 |

**56. Total of Part 9.**

Add the current value on lines 55.1 through 55.6 and entries from any additional sheets. Copy the total to line 88.

$0.00

**57. Is a depreciation schedule available for any of the property listed in Part 9?**

● No
○ Yes

**58. Has any of the property listed in Part 9 been appraised by a professional within the last year?**

● No
○ Yes

**Part 10:** Intangibles and intellectual property

**59. Does the debtor have any interests in intangibles or intellectual property?**

○ No. Go to Part 11.

● Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **60. Patents, copyrights, trademarks, and trade secrets** | | | |
| 60.1 _____ | $ _____ | _____ | $0.00 _____ |
| **61. Internet domain names and websites** | | | |
| 61.1 **www.burkhalter.net** | $ 0.00 | **NET BOOK VALUE** | $0.00 |
| 61.2 **www.burkhalterequipment.net** | $ 0.00 | **NET BOOK VALUE** | $0.00 |
| **62. Licenses, franchises, and royalties** | | | |
| 62.1 _____ | $ _____ | _____ | $0.00 _____ |
| **63. Customer lists, mailing lists, or other compilations** | | | |
| 63.1 _____ | $ _____ | _____ | $0.00 _____ |
| **64. Other intangibles, or intellectual property** | | | |
| 64.1 _____ | $ _____ | _____ | $0.00 _____ |
| **65. Goodwill** | | | |
| 65.1 _____ | $ _____ | _____ | $0.00 _____ |

**66. Total of Part 10.**

Add lines 60 through 65. Copy the total to line 89.

$0.00

**67. Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C. §§ 101(41A) and 107)?

● No

○ Yes

**68. Is there an amortization or other similar schedule available for any of the property listed in Part 10?**

⦿ No

◯ Yes

**69. Has any of the property listed in Part 10 been appraised by a professional within the last year?**

⦿ No

◯ Yes

| Part 11: | All other assets |
|---|---|

**70. Does the debtor own any other assets that have not yet been reported on this form?**
Include all interests in executory contracts and unexpired leases not previously reported on this form.

⦿ No. Go to Part 12.

◯ Yes. Fill in the information below.

| | Current value of debtor's interest |
|---|---|

**71. Notes receivable**
Description (include name of obligor)

71.1 _____  _____  -  _____  = ➜  $0.00
                       total face amount        doubtful or uncollectible
                                                amount

**72. Tax refunds and unused net operating losses (NOLs)**
Description (for example, federal, state, local)

72.1 _____  Tax year _____  $0.00

**73. Interests in insurance policies or annuities**

73.1 _____  $0.00

**74. Causes of action against third parties (whether or not a lawsuit has been filed)**

74.1 _____  $0.00

**Nature of Claim** _____

**Amount requested** $ _____

**75. Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

75.1 _____  $0.00

**Nature of Claim** _____

**Amount requested** $ _____

**76. Trusts, equitable or future interests in property**

76.1 _____  $0.00

**77. Other property of any kind not already listed** *Examples:* Season tickets, country club membership

77.1 _____          $0.00 _____

**78. Total of Part 11.**

Add lines 71 through 77. Copy the total to line 90.

$0.00 _____

**79. Has any of the property listed in Part 11 been appraised by a professional within the last year?**

( ) No

( ) Yes

| Part 12: | Summary |
|---|---|

In Part 12 copy all of the totals from the earlier parts of the form.

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. Cash, cash equivalents, and financial assets. Copy line 5, Part 1. | $45.74 | |
| 81. Deposits and prepayments. Copy line 9, Part 2. | $0.00 | |
| 82. Accounts receivable. Copy line 12, Part 3. | $48,042.43 | |
| 83. Investments. Copy line 17, Part 4. | $0.00 | |
| 84. Inventory. Copy line 23, Part 5. | $0.00 | |
| 85. Farming and fishing-related assets. Copy line 33, Part 6. | $0.00 | |
| 86. Office furniture, fixtures, and equipment; and collectibles. Copy line 43, Part 7. | $0.00 | |
| 87. Machinery, equipment, and vehicles. Copy line 51, Part 8. | $109,150.00 | |
| 88. Real property. Copy line 56, Part 9. | ➜ | $0.00 |
| 89. Intangibles and intellectual property.. Copy line 66, Part 10. | $0.00 | |
| 90. All other assets. Copy line 78, Part 11. | $0.00 | |
| 91. Total. Add lines 80 through 90 for each column | 91a. $157,238.17 | 91b. $0.00 |
| 92. Total of all property on Schedule A/B. Lines 91a + 91b = 92. | | $157,238.17 |

# Schedule A/B 50
Other machinery, fixtures, and equipment (excluding farm machinery and equipment)

|  | Description | Net Book Value | Valuation Method | Current Value of Debtor's Interest |
|---|---|---|---|---|
| 50.1 | 2006 VNL64T VOLVO | $14,206.25 | BOOK VALUE | $14,206.25 |
| 50.2 | 2006 VNL64T VOLVO | $14,206.25 | BOOK VALUE | $14,206.25 |
| 50.3 | 2006 VOLVO 670 | $14,231.25 | BOOK VALUE | $14,231.25 |
| 50.4 | 2006 VOLVO 670 | $14,231.25 | BOOK VALUE | $14,231.25 |
| 50.5 | 2010 10M GIRDER EXTENSION | $18,750.00 | BOOK VALUE | $18,750.00 |
| 50.6 | 60 TON STEERABLE DOLLY & JEEP | $33,525.00 | BOOK VALUE | $33,525.00 |
|  | TOTAL: | $109,150.00 | TOTAL: | $109,150.00 |

Burkhalter Transport, Inc.

**Fill in this information to identify the case:**

Debtor name: Burkhalter Transport, Inc.

United States Bankruptcy for the District of: Southern Texas

Case number: 19-30496

☐ Check if this is an
amended filing

**Official Form 206D**

## Schedule D: Creditors Who Have Claims Secured by Property

Be as complete and accurate as possible.

| Part 1: | List Creditors Who Have Claims Secured by Property |
|---|---|

**1. Do any creditors have claims secured by debtor's property?**

○ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

● Yes. Fill in all of the information below.

**2. List creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

*Column A*
**Amount of Claim**
Do not deduct the value of collateral.

*Column B*
**Value of collateral that supports this claim**

UNKNOWN*

$ UNKNOWN

**2.1**

**Creditor's name and mailing address**
METROPOLITAN PARTNERS FUND IIIA, LP, 70 EAST 55TH STREET, NEW YORK, NY 10022

**Date debt was incurred?**
1/8/2018

**Last 4 digits of account number**

**Do multiple creditors have an interest in the same property?**

● No

○ Yes. Specify each creditor, including this creditor, and its relative priority.

**Describe debtor's property that is subject to the lien:**
EQUIPMENT, INVENTORY, AND RECEIVABLES

**Describe the lien**
SECURITY UNDER LOAN AGREEMENT, MISSISSIPPI FINANCING STATEMENT # UCC 20182501688A

**Is the creditor an insider or related party?**

● No

○ Yes

**Is anyone else liable on this claim?**

● No

○ Yes Fill out Schedule H: Codebtors (Official Form 206H)

**As of the petition filing date, the claim is:**
Check all that apply.

☑ Contingent

☑ Unliquidated

☑ Disputed

*Subject to a proposed 9019 settlement agreement

| 2.2 | | | |

**Creditor's name and mailing address**
METROPOLITAN PARTNERS FUND IV-A, LP, 70 EAST 55TH STREET, NEW YORK, NY 10022

**Describe debtor's property that is subject to the lien:**
EQUIPMENT, INVENTORY, AND RECEIVABLES

UNKNOWN*                    $ UNKNOWN

**Date debt was incurred?**
1/8/2018

**Describe the lien**
SECURITY UNDER LOAN AGREEMENT, MISSISSIPPI FINANCING STATEMENT # UCC 20182501688A

**Last 4 digits of account number**

**Is the creditor an insider or related party?**
( • ) No
( ) Yes

**Do multiple creditors have an interest in the same property?**
( • ) No
( ) Yes. Specify each creditor, including this creditor, and its relative priority.

**Is anyone else liable on this claim?**
( • ) No
( ) Yes Fill out Schedule H: Codebtors (Official Form 206H)

**As of the petition filing date, the claim is:**
Check all that apply.
[x] Contingent
[x] Unliquidated
[x] Disputed

*Subject to a proposed 9019 settlement agreement

| 2.3 | | | |

**Creditor's name and mailing address**
METROPOLITAN-TTU, LLC, 70 EAST 55TH STREET, NEW YORK, NY 10022

**Describe debtor's property that is subject to the lien:**
EQUIPMENT, INVENTORY, AND RECEIVABLES

UNKNOWN*                    $ UNKNOWN

**Date debt was incurred?**
1/8/2018

**Describe the lien**
SECURITY UNDER LOAN AGREEMENT, MISSISSIPPI FINANCING STATEMENT # UCC 20182501688A

**Last 4 digits of account number**

**Is the creditor an insider or related party?**
( • ) No
( ) Yes

**Do multiple creditors have an interest in the same property?**
( • ) No
( ) Yes. Specify each creditor, including this creditor, and its relative priority.

**Is anyone else liable on this claim?**
( • ) No
( ) Yes Fill out Schedule H: Codebtors (Official Form 206H)

**As of the petition filing date, the claim is:**
Check all that apply.
[x] Contingent
[x] Unliquidated
[x] Disputed

*Subject to a proposed 9019 settlement agreement

| 2.4 | | | |
|---|---|---|---|

**Creditor's name and mailing address**

SERIES F&F OF METROPOLITAN PARTNERS FUND IV, LLC, 70 EAST 55TH STREET, NEW YORK, NY 10022

**Date debt was incurred?**

1/8/2018

**Last 4 digits of account number**

**Do multiple creditors have an interest in the same property?**

- ● No
- ○ Yes. Specify each creditor, including this creditor, and its relative priority.

**Describe debtor's property that is subject to the lien:**

EQUIPMENT, INVENTORY, AND RECEIVABLES

**Describe the lien**

SECURITY UNDER LOAN AGREEMENT, MISSISSIPPI FINANCING STATEMENT # UCC 20182501688A

**Is the creditor an insider or related party?**

- ● No
- ○ Yes

**Is anyone else liable on this claim?**

- ● No
- ○ Yes Fill out Schedule H: Codebtors (Official Form 206H)

**As of the petition filing date, the claim is:**
Check all that apply.

- ☑ Contingent
- ☑ Unliquidated
- ☑ Disputed

UNKNOWN*     $ UNKNOWN

*Subject to a proposed 9019 settlement agreement

| 2.5 | | | |
|---|---|---|---|

**Creditor's name and mailing address**

SERIES INSTITUTIONAL OF METROPOLITAN PARTNERS FUND IV, LLC, 70 EAST 55TH STREET, NEW YORK, NY 10022

**Date debt was incurred?**

1/8/2018

**Last 4 digits of account number**

**Do multiple creditors have an interest in the same property?**

- ● No
- ○ Yes. Specify each creditor, including this creditor, and its relative priority.

**Describe debtor's property that is subject to the lien:**

EQUIPMENT, INVENTORY, AND RECEIVABLES

**Describe the lien**

SECURITY UNDER LOAN AGREEMENT, MISSISSIPPI FINANCING STATEMENT # UCC 20182501688A

**Is the creditor an insider or related party?**

- ● No
- ○ Yes

**Is anyone else liable on this claim?**

- ● No
- ○ Yes Fill out Schedule H: Codebtors (Official Form 206H)

**As of the petition filing date, the claim is:**
Check all that apply.

- ☑ Contingent
- ☑ Unliquidated
- ☑ Disputed

UNKNOWN*     $ UNKNOWN

*Subject to a proposed 9019 settlement agreement

**3. Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.**

$0.00

**Part 2:** **List Others to Be Notified for a Debt That You Already Listed**

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

If no others need to be notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|---|---|---|
| 3.1   STROOCK & STROOCK & LAVAN LLP, ATTENTION: ALEX COTA AND BRETT LAWRENCE, 180 MAIDEN LANE, NEW YORK, NY 10038 | 1-5 | |

**Fill in this information to identify the case:**

Debtor name: Burkhalter Transport, Inc.

United States Bankruptcy for the District of: Southern Texas

Case number: 19-30496

☐ Check if this is an amended filing

Official Form 206E/F

## Schedule E/F: Creditors Who Have Unsecured Claims

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B) and on Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

**Part 1:** List All Creditors with PRIORITY Unsecured Claims

**1. Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507.)

◉ No. Go to Part 2.

○ Yes. Go to line 2.

**2. List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part.** If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.

| | | Total claim | Priority amount |
|---|---|---|---|
| | | $ _____ | $0.00 _____ |

2.1

Priority creditor's name and mailing address

_____

Date or dates debt was incurred

_____

Last 4 digits of account number

_____

Specify Code subsection of PRIORITY unsecured claim:

11 U.S.C. § 507(a) ( _____ )

As of the petition filing date, the claim is:
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

Basis for the claim:

_____

Is the claim subject to offset?

◉ No

○ Yes

| Part 2: | List All Creditors with NONPRIORITY Unsecured Claim |
|---|---|

**3. List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

|  |  | Amount of claim |
|---|---|---|
| 3.1 | **Nonpriority creditor's name and mailing address** | $3,000.92 |

CARR RIGGS & INGRAM LLC, PO BOX 2418, RIDGELAND, MS 39158

**Date or dates debt was incurred**

5/30/2018

**As of the petition filing date, the claim is:**
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**
TRADE PAYABLE - GOODS/SERVICES

**Is the claim subject to offset?**

◉ No

○ Yes

| Part 3: | List Others to BE Notified About Unsecured Claims |
|---|---|

**4. List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2.** Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

**If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.**

| Name and mailing address | On which line in Part 1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|
| 4.1. | Line | |

☐ Not listed. Explain

| Part 4: | Total Amounts of the Priority and Nonpriority Unsecured Claims |
|---|---|

**5. Add the amounts of priority and nonpriority unsecured claims.**

| | | Total of claim amounts |
|---|---|---|
| 5a. Total claims from Part 1 | 5a. | $0.00 |
| 5b. Total claims from Part 2 | 5b. | $3,000.92 |
| 5c. Total of Parts 1 and 2 Lines 5a + 5b = 5c. | 5c. | $3,000.92 |

**Fill in this information to identify the case:**

Debtor name: Burkhalter Transport, Inc.

United States Bankruptcy for the District of: Southern Texas

Case number: 19-30496

☐ Check if this is an amended filing

Official Form 206G

## Schedule G: Executory Contracts and Unexpired Leases

Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, numbering the entries consecutively.

**Schedule G:  Executory Contracts and Unexpired Leases**

**1. Does the debtor have any executory contracts or unexpired leases?**

◉ No. Check this box and file this form with the court with the debtor's other schedules. There is nothing else to report on this form.

○ Yes. Fill in all of the information below even if the contracts or leases are listed on Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B).

| **2. List all contracts and unexpired leases** | **State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease** |
|---|---|

2.1   State what the contract or lease is for and the nature of the debtor's interest

State the term remaining

List the contract number of any government contract

**Fill in this information to identify the case:**

Debtor name: Burkhalter Transport, Inc.

United States Bankruptcy for the District of: Southern Texas

Case number: 19-30496

☐ Check if this is an amended filing

## Official Form 206H
## Schedule H: Codebtors

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.

**1. Does the debtor have any codebtors?**

◉ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

○ Yes

**2. In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, *Schedules D-G*.** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| *Column 1:* **Codebtor** | | *Column 2:* **Creditor** | |
|---|---|---|---|
| Name | Mailing Address | Name | Check all schedules that apply: |
| 2.1 | | | ☐ D |
| | | | ☐ E/F |
| | | | ☐ G |

**Fill in this information to identify the case:**

Debtor name: Burkhalter Transport, Inc.

United States Bankruptcy for the District of: Southern Texas

Case number: 19-30496

☐ Check if this is an amended filing

## ■ Declaration Under Penalty of Perjury for Non-Individual Debtors

**Declaration and signature**

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☑ *Schedule A/B: Assets—Real and Personal Property* (Official Form 206A/B)

☑ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☑ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☑ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☑ *Schedule H: Codebtors* (Official Form 206G)

☑ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* _____

☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☐ Other document that _____
requires a declaration

I declare under penalty of perjury that the foregoing is true and correct.

| Executed on | 3/16/2019 | /s/ RYAN BOULEY |
|---|---|---|
| | | Signature of individual signing on behalf of debtor |
| | | RYAN BOULEY |
| | | Printed name |
| | | PROPOSED CHIEF RESTRUCTURING OFFICER |
| | | Position or relationship to debtor |