IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE: | Chapter 11 |
| BURKHALTER RIGGING, INC., et al.,[1] | Case No. 19-30495 (MI) |
| Debtors. | (Jointly Administered) |

> **THIS IS AN OBJECTION TO YOUR CLAIM. THIS OBJECTION ASKS THE COURT TO DISALLOW THE CLAIM THAT YOU FILED IN THIS BANKRUPTCY CASE. IF YOU DO NOT FILE A RESPONSE WITHIN 30 DAYS AFTER THE OBJECTION WAS SERVED ON YOU, YOUR CLAIM MAY BE DISALLOWED WITHOUT A HEARING.**
>
> **A HEARING HAS BEEN SET ON THIS MATTER ON MARCH 4, 2020 AT 10:00 AM IN COURTROOM 404, 515 RUSK, HOUSTON, TX 77002.**

> **THIS OBJECTION AFFECTS MULTIPLE CLAIMANTS. CLAIMANTS RECEIVING THIS OMNIBUS OBJECTION SHOULD LOCATE THEIR NAMES AND THE OBJECTED TO CLAIMS IN THE ATTACHED APPENDIX A.**

### LIQUIDATION TRUSTEE'S FIRST OMNIBUS OBJECTION TO CERTAIN CLAIMS (CLAIMS UNSUPPORTED BY SUFFICIENT DOCUMENTATION FOR TRUSTEE TO ADJUDGE VALIDITY)

**NOW INTO COURT**, comes John Baumgartner, the Liquidation Trustee (the "Trustee") for the Liquidation Trust in *In re Burkhalter Rigging, Inc. et al.* (the "Liquidation Trust"), by and through his undersigned counsel, objecting to certain claims inconsistent with the amount reflected on the Debtor's books and records, presented in a form that does not comply with applicable rules,

---

[1] The jointly administered cases are *In re Burkhalter Transport Inc*, No. 19-39496, and *In re Burkhalter Specialized Transport, LLC*, No. 19-39497. The Debtors in these three chapter 11 cases with their respective federal tax identification number are: Burkhalter Rigging, Inc. (8314); Burkhalter Specialized Transport, LLC (1511); and Burkhalter Transport, Inc. (2096). The address for all of the Debtors is 2193 Highway 45 South, Columbus, MS 39701.

1

and which the Trustee cannot determine validity of due to said non-compliance, identified in the attached **Appendix A** (the "Insufficient Documentation Claims") filed in the above-referenced matter, and in support thereof shows:

## JURISDICTION

1. This Court has jurisdiction over this Chapter 11 case, and the parties and property affected hereby, pursuant to 28 U.S.C. §1334. This Court also has jurisdiction over the subject matter of this Objection pursuant to the Court's order[2] confirming ("Confirmation Order") the *Amended Chapter 11 Plan of Liquidation*[3] (the "Plan"), as supplemented by the Debtors' *Notice of Plan Supplement to and in Support of Amended Chapter 11 Plan of Liquidation*[4] (the "Plan Supplement") and Article XIV of the Plan.[5]

## LEGAL PREDICATES

2. The legal predicates for the relief requested in this Objection are sections 105(a) and 502(b) of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Rules 3001, 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Local Rules").

## BACKGROUND

**a.    The Chapter 11 Cases**

3. On January 31, 2019 (the "Petition Date"), the Debtors filed their voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

4. Debtor filed the Plan, on August 2, 2019.[6]

---

[2] Order Confirming Debtors' Amended 11 Plan of Liquidation for Burkhalter Rigging, Inc, et al. at 23, ECF 491.
[3] Debtors' Amended Chapter 11 Plan of Liquidation, ECF 430.
[4] Notice of Plan Supplement to and in Support of Amended Chapter 11 Plan of Liquidation, ECF 476.
[5] Plan at 42-44, ECF 430.
[6] Plan, ECF 430.

2

5.      On September 9, 2019, this Court entered the Confirmation Order confirming the Plan.[7] The Court ordered therein:

> [T]he Plan and all of its provisions shall be, and hereby are, binding on the Debtors, any person acquiring or receiving property or a distribution under the plan, any lessor or lessee of property to or from the Debtors, any past, present, or future creditor of the Debtors and any holder of a claim against or interest in the Debtors, whether or not such claim or interest of such holder is impaired under the Plan, whether known or unknown, and whether or not such holder has accepted or rejected the Plan or will or will not receive a distribution under the Plan.[8]

6.      Additionally, the Court gave binding effect to "Plan Documents," including the Liquidation Trust Agreement (the "LTA")[9] and the Liquidation Trustee Engagement Letter, and the Court approved the appointment of John Baumgartner as the initial Liquidation Trustee.[10]

7.      The Plan became effective on September 17, 2019 (the "Effective Date").[11]

8.      Pursuant to the Plan, the Trustee is empowered to object to any claim at any time after the Effective and before the "Claims Objection Deadline," defined as the date 120 days after the effective date, which is January 15, 2020.[12]

9.      Pursuant to the LTA:

> [T]he Liquidation Trustee shall have exclusive authority to investigate, analyze, reconcile, object to, seek to subordinate or recharacterize, or litigate to judgment objections to Claims. Except as otherwise provided in the Plan, all objections to Claims that are filed and prosecuted by the Liquidation Trustee may be litigated to Final Order or compromised and settled in accordance with the business judgment of the Liquidation Trustee without the necessity of any Bankruptcy Court approval of such compromise or settlement. The Liquidation Trustee shall have the absolute right to pursue or not pursue any and all objections to Claims as he or she determines in the best interests of the Liquidation Trust Beneficiaries, and consistent with the purposes of the Liquidation Trust, and shall have no liability for the outcome of its decision except for any damages caused by fraud, willful

---

[7] Confirmation Order, ECF 491.
[8] Confirmation Order at 17, ECF 491.
[9] Attached as "Exhibit B" to the Confirmation Order, ECF 491.
[10] *Id.* at 17-18.
[11] Notice of Effective Date, ECF 505.
[12] Plan at 5, 34, ECF 430.

misconduct or gross negligence. The Liquidation Trustee shall confer with the Liquidation Trust Committee regarding objections to Claims.[13]

### b.  The Claims Reconciliation Process

10.     As stated in the Notice of Commencement,[14] mailed to all parties in interest on March 1, 2019,[15] the deadline to file a proof of claim was May 29, 2019 for general creditors and July 30, 2019 for Governmental units. Additionally, the Plan provides, "[F]ollowing the later of the Effective Date and the applicable Bar Date, no original or amended Proof of Claim may be filed in the Chapter 11 Cases to assert a Claim against the Debtors or the Estates without prior authorization of the Bankruptcy Court, and any such Proof of Claim that is filed without such authorization shall be deemed null, void, and of no force or effect. . . ."[16]

11.     Debtors filed their statements of financial affairs and schedules of assets and liabilities on March 16, 2019 and Burkhalter Rigging, Inc. filed its schedules of assets and liabilities and statement of financial affairs, as currently amended, on July 29, 2019 and August 16, 2019, respectively (collectively and inclusive of the submissions of the three Debtors, the "Schedules").[17]

12.     Following the Petition Date, the claimants identified in **Appendix A** ("Claimants") filed proofs of claim asserting claims in the amounts described in **Appendix A**.

---

[13] LTA at 11, ECF 491.
[14] Notice of Chapter 11 Bankruptcy Case at 6, ECF 47.
[15] Affidavit of Service, ECF 122.
[16] Plan at 35, ECF 430.
[17] Schedules of Assets and Liabilities for Burkhalter Specialized Transport, LLC, No. 19-30495, ECF 160;  SOFA for Burkhalter Specialized Transport, LLC, No. 19-30495, ECF 160; Schedules of Assets and Liabilities for Burkhalter Transport, Inc., No. 19-30495, ECF 163; SOFA for Burkhalter Transport, Inc., No. 19-30495, ECF 162; Schedules of Assets and Liabilities for Burkhalter Specialized Transport, LLC, No. 19-30495, ECF 159, Amended Schedules of Assets and Liabilities for Burkhalter Specialized Transport, LLC, No. 19-30495, ECF 206, Second Amended Schedules of Assets and Liabilities for Burkhalter Rigging, Inc., No. 19-30495, ECF 400; Third Amended Schedules of Assets and Liabilities for Burkhalter Rigging, Inc., No. 19-30495, ECF 424; SOFA for Burkhalter Rigging, Inc., No. 19-30495, ECF 158; Amended SOFA for Burkhalter Rigging, Inc., No. 19-30495, ECF 205; Second Amended SOFA for Burkhalter Rigging, Inc., No. 19-30495, ECF 388; Third Amended SOFA for Burkhalter Rigging, Inc., No. 19-30495, ECF 459.

13.     The Trustee, his advisors, and undersigned counsel, have been diligently working to review the filed proofs of claim, inclusive of all supporting documentation. For the reasons set forth below, and based on his review to date, the Trustee has determined that the Insufficient Documentation Claims should be disallowed and expunged or reduced in amount, as is applicable, as set forth below.

## **BASIS FOR RELIEF AND OBJECTION**

14.     Section 502 of the Bankruptcy Code provides, in relevant part: "A claim or interest, proof of which is filed under section 501 of [the Bankruptcy Code], is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502. Additionally, Section 502 of the Bankruptcy Code provides a list of grounds for disallowance of prepetition claims, including the objection that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured." 11 U.S.C. § 502(b)(1).

15.     While a proof of claim properly executed enjoys a presumption of prima facie validity under Bankruptcy Rule 3001(f), where an objected party refutes an allegation essential to the claim's legal sufficiency, this presumption is lost. *See In re Fidelity Holding Co., Ltd.*, 837 F.2d 696, 698 (5th Cir. 1988). "[T]he ultimate burden of proof always lies with the claimant." *In re Armstrong*, 347 B.R. 581, 583 (Bankr. N.D. Tex. 2006) (citing *Raleigh v. Ill. Dep't of Rev.*, 530 U.S. 15 (2000)).

16.     The Trustee is entitled to make omnibus objections on any of the grounds set forth by Fed. R. Bankr. P. 3007(d), if the requirements of Rule 3007(e) are met. Subject to subsection (e), subsection (d)(6) allows:

> objections to more than one claim may be joined in an omnibus objection if all the claims were filed by the same entity, or the objections are based solely on the

grounds that the claims should be disallowed, in whole or in part, because . . . they were presented in a form that does not comply with applicable rules, and the objection states that the objector is unable to determine the validity of the claim because of the noncompliance.

17. In accordance with subsection (e), this omnibus objection: (1) states at the top that claimants receiving this Objection should locate their names and claims within the attached **Appendix A**; (2) lists Claimants' names alphabetically in **Appendix A** with cross references to claims numbers; (3) states in **Appendix A** the grounds for each objection to each claim and cross references the pertinent pages of the Objection setting forth the applicable grounds; (4) states that it is the Trustee objecting and for what reasons the Trustee is objecting; (5) is appropriately consecutively numbered with other omnibus objections; and (6) contains less than 100 claims. *See* Fed. R. Bankr. P. 3007(e). The following objection is made pursuant to a substantive review of the Debtors' Schedules and the claims register.

18. The Bankruptcy Rules require that for claims based on a writing, a copy of the writing be attached to the proof of claim. *See* Fed. R. Bankr. P. 3001 ("[W]hen a claim, or an interest in property of the debtor securing the claim, is based on a writing, a copy of the writing shall be filed with the proof of claim. If the writing has been lost or destroyed, a statement of the circumstances of the loss or destruction shall be filed with the claim.").

19. The Insufficient Documentation Claims listed in **Appendix A** claim amounts in conflict with the Debtors' Schedules, are, or appear to be, based on a writing, and do not include requisite documentation evidencing their validity and amount. Accordingly, the Trustee cannot determine the validity of the Insufficient Documentation Claims. Pursuant to Rule 3007(d)(6) the Trustee objects that the Insufficient Documentation Claims fail to satisfy the requirements of Fed. R. Bankr. Proc. 3001(c) and should be disallowed insofar as the amount on the face of the proof of claim ("POC") is not supported by the documentation, if any, attached to the POC.

20.     Alternatively, the Trustee prays that the Claimant's claim be reduced or modified as may be required upon production of sufficient documentation or other support at or prior to the hearing on this objection to establish the appropriate amount of the Claimant's claim.

## RESERVATION OF RIGHTS

21.     This Objection is limited to the grounds stated herein. The Trustee specifically reserves the right to amend or supplement this Objection after further investigation and discovery. Further, the Trustee reserves the right to bring or assert any other causes of action, objections, or claims against Claimants included herein or any other claimants. Nothing contained herein or any actions taken pursuant to such relief is intended or should be construed as an admission to the validity of a claim, waiver of any of the Trustee's rights, or a promise to pay.

## NOTICE

22.     The Trustee will provide notice of this Objection to: (a) the Office of the United States Trustee for the Southern District of Texas; and (b) Claimants. The Trustee submits that, in light of the nature of the relief requested, no other or further notice is needed.

**WHEREFORE**, the Trustee prays that after due proceedings, the Court enter an Order: (i) adjusting or disallowing (as is applicable) the Insufficient Documentation Claims insofar as the amount on the face of the POC is not supported by the documentation required to be attached to the POC and is in conflict with the Debtors' Schedules; (ii) reducing or modifying the Insufficient Documentation Claims as may be required upon production of sufficient documentation or other support at or prior to the hearing on this objection; and (iii) granting such other relief as the Court deems appropriate under the circumstances.


|   |   |
|---|---|
| | *Respectfully submitted,* |
| **LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD** | /s/ *Benjamin W. Kadden*<br>BENJAMIN W. KADDEN (TX 24077542)<br>CHRISTOPHER T. CAPLINGER (LA 25357)\*<br>JAMES W. THURMAN (LA 38494)<br>*Admitted Pro Hac Vice*<br>COLEMAN L. TORRANS (LA 38917)\*<br>601 Poydras Street, Suite 2775<br>New Orleans, LA 70130<br>Telephone: (504) 568-1990<br>Facsimile: (504) 310-9195<br>E-mail:bkadden@lawla.com;<br>ccaplinger@lawla.com;jthurman@lawla.com;<br>ctorrans@lawla.com |

*Attorneys for the Trustee*

*\*Motion for Admission Pro Hac Vice Pending*

## CERTIFICATE OF SERVICE

I hereby certify that, on this 15th day of January 2020, true and correct copies of the foregoing pleadings were served by operation of this Court's CM/ECF system, email, and/or by depositing a copy thereof in the United States Mail upon the Office of United States Trustee; and:

- ACAR LEASING LTD., d/b/a GM FINANCIAL LEASING, PO BOX 183853 ARLINGTON, TX 76096
- ALLIANCE SAFETY COUNCIL, 10099 N REI-GER ROAD, BATON ROUGE, LA 70809
- BRADFORD CAPITAL HOLDINGS, LP AS TRANSFEREE OF THE MAT RENTAL COMPANY, 15237 COUNTY RD 29, AL 35085
- COMPASS BANK, PO BOX 10566, BIRMING-HAM, AL 35203
- FAIRFIELD INN & SUITES BY MARRIOTT SAVANNAH I-95 SOUTH, 17027 ABERCORN STREET, SAVVANAH, GA 31419
- G&R MINERAL SER-VICES, INC., PO BOX 100939, BIRMINGHAM, AL 35210
- HANES SUPPLY INC., 55 JAMES E CASEY DRIVE, BUFFALO, NY 14206
- HEAVY EQUIPMENT MOVERS & INSTALLA-TION LLC, ASSIGNEE OF MAXIM CRANE WORKS, 126 INDUSTRIAL DRIVE, MAYSVILLE, GA 30558
- LOGISTIC SERVICES, INC., 15417 COLLEC-TIONS CENTER DR., CHICAGO, IL 60693
- MID CITY AUTO INC., d/b/a MILLS MORRIS 2002 MAIN STREET, CO-LUMBUS, MS 39701
- PCE INVESTMENT BANKERS, INC.200 EAST NEW ENGLAND AVE., SUITE 400 WIN-TER PARK, FL 32789
- ROWE MACHINERY, INC., 287 COUNTY HWY 85, HALEYVILLE, AL, 35565

8

- TRI-COUNTY BUCKET SERVICE, INC., CHRIS PACCASSI, 170 RIVER-CHASE DR., WEST POINT, MS 39773
- WATERS TRUCK AND TRACTOR CO., INC., PO BOX 831, COLUMBUS, MS 39703

      /s/ *Benjamin W. Kadden*

## Appendix A – Insufficient Documentation Claims

NOTICE: OBJECTED TO CLAIMS ARE LISTED IN ALPHABETICAL ORDER OF CLAIMANTS' NAMES AS THEY APPEAR ON PROOFS OF CLAIMS. THE GENERAL BASES FOR THE TRUSTEE'S OBJECTION ARE LOCATED ON PAGES 5-6 OF THE OBJECTION AND BELOW.

| | **Name of Creditor** | **Debtor** | **Objectionable Claims** | | **Adjusted Claims** | **Basis for Objection** |
|---|---|---|---|---|---|---|
| | | | **Stretto Claim #** | **Claimed Unsecured** | **Proposed Unsecured** | |
| 1 | ACAR LEASING LTD., d/b/a GM FINANCIAL LEASING, PO BOX 183853 ARLINGTON, TX 76096 | BURKHALTER RIGGING, INC. | 118 | $ 20,644.14 | $ 2,942.15 | Claimed amount is inconsistent with the amount reflected on the Debtors' books and records, and Trustee cannot adjudge validity of the claimed amount because of the failure to attach adequate supporting documentation. |
| 2 | ALLIANCE SAFETY COUNCIL, 10099 N REIGER ROAD, BATON ROUGE, LA 70809 | BURKHALTER RIGGING, INC. | 45 | $ 2,683.50 | $ 2,497.50 | Claimed amount is inconsistent with the amount reflected on the Debtors' books and records, and Trustee cannot adjudge validity of the claimed amount because of the failure to attach adequate supporting documentation. |
| 3 | BRADFORD CAPITAL HOLDINGS, LP AS TRANSFEREE OF THE MAT RENTAL COMPANY, 15237 COUNTY RD 29, AL 35085 | BURKHALTER RIGGING, INC. | 119 | $ 29,824.50 | $ 25,048.00 | Claimed amount is inconsistent with the amount reflected on the Debtors' books and records, and Trustee cannot adjudge validity of the claimed amount because of the failure to attach adequate supporting documentation. |
| 4 | COMPASS BANK, PO BOX 10566, BIRMINGHAM, AL 35203 | BURKHALTER RIGGING, INC. | 108 | $ 13,674.44 | $ - | Debt is not reflected on the Debtors' books and records, and Trustee cannot adjudge validity of the claimed amount because of the failure to provide adequate supporting documentation. |

1

| | Name of Creditor | Debtor | Objectionable Claims | | Adjusted Claims | Basis for Objection |
|---|---|---|---|---|---|---|
| | | | Stretto Claim # | Claimed Unsecured | Proposed Unsecured | |
| 5 | FAIRFIELD INN & SUITES BY MARRIOTT SAVANNAH I-95 SOUTH 17027 ABERCORN STREET, SAVVANAH, GA 31419 | BURKHALTER RIGGING, INC. | 48 | $ 844.25 | $ - | Debt is not reflected on the Debtors' books and records, and the Trustee cannot adjudge validity of the claimed amount because of the failure to attach adequate supporting documentation, attached documentation establishes liability of non-debtor entity, Creative Lodging Solutions. |
| 6 | G&R MINERAL SERVICES, INC., PO BOX 100939, BIRMINGHAM, AL 35210 | BURKHALTER RIGGING, INC. | 16 | $ 6,510.00 | $ - | Claimed debt is not reflected on the Debtors' books and records, and the Trustee cannot adjudge validity of the claimed amount because of the failure to attach adequate supporting documentation. |
| 7 | HANES SUPPLY INC., 55 JAMES E CASEY DRIVE, BUFFALO, NY 14206 | BURKHALTER RIGGING, INC. | 22 | $ 6,069.00 | $ 5,493.88 | Claimed amount is inconsistent with the amount reflected on the Debtors' books and records. POC fails to indicate whether interest is included in claimed amount as required by Bankruptcy Rule 3001(c)(2)(A). |
| 8 | HEAVY EQUIPMENT MOVERS & INSTALLATION LLC, ASSIGNEE OF MAXIM CRANE WORKS, 126 INDUSTRIAL DRIVE, MAYSVILLE, GA 30558 | BURKHALTER RIGGING, INC. | 106 | $390,455.00 | $ 359,237.65 | Claimed amount is inconsistent with the amount reflected on the Debtors' books and records, and Trustee cannot adjudge validity of the claimed amount because of the failure to attach adequate supporting documentation. |

| | Name of Creditor | Debtor | Objectionable Claims | | Adjusted Claims | | Basis for Objection |
|---|---|---|---|---|---|---|---|
| | | | Stretto Claim # | Claimed Unsecured | Proposed Unsecured | | |
| 9 | LOGISTIC SERVICES, INC., 15417 COLLECTIONS CENTER DR., CHICAGO, IL 60693 | BURKHALTER RIGGING, INC. | 64 | $ 25,257.00 | $ | - | Debt is not reflected on the Debtors' books and records, and Trustee cannot adjudge validity of the claimed amount because of the failure to provide adequate supporting documentation. |
| 10 | MID CITY AUTO INC., d/b/a MILLS MORRIS 2002 MAIN STREET, COLUMBUS, MS 39701 | BURKHALTER RIGGING, INC. | 99 | $ 10,442.01 | $ | 10,315.72 | Claimed amount is inconsistent with the amount reflected on the Debtors' books and records; attached statement does not accurately itemize interest, fees, expenses or other charges as required by Bankruptcy Rule 3001(c)(2)(A). |
| 11 | PCE INVESTMENT BANKERS, INC.200 EAST NEW ENGLAND AVE., SUITE 400 WINTER PARK, FL 32789 | BURKHALTER RIGGING, INC. | 84 | $304,050.00 | $ | 4,050.00 | Claimed amount is inconsistent with the amount reflected on the Debtors' books and records, and Trustee cannot adjudge validity of the claimed amount because of the failure to attach adequate supporting documentation. |
| 12 | ROWE MACHINERY, INC., 287 COUNTY HWY 85, HALEYVILLE, AL, 35565 | BURKHALTER RIGGING, INC. | 70 | $ 18,638.05 | $ | 16,793.26 | Claimed amount is inconsistent with the amount reflected on the Debtors' books and records; claim adjusted to exclude post-petition interest. *See* 11 USC s. 502(b)(2). |
| 13 | TRI-COUNTY BUCKET SERVICE, INC., CHRIS PACCASSI, 170 RIVERCHASE DR., WEST POINT, MS 39773 | BURKHALTER RIGGING, INC. | 33 | $ 6,870.00 | $ | - | Debt is not reflected on the Debtors' books and records, and Trustee cannot adjudge validity of the claimed amount because of the failure to attach adequate supporting documentation. |

|    | Name of Creditor | Debtor | Objectionable Claims | | Adjusted Claims | Basis for Objection |
|----|------------------|--------|----------------------|-----------------|-----------------|---------------------|
|    |                  |        | Stretto Claim # | Claimed Unsecured | Proposed Unsecured | |
| 14 | WATERS TRUCK AND TRACTOR CO., INC., PO BOX 831, COLUMBUS, MS 39703 | BURKHALTER RIGGING, INC. | 19 | $ 26,538.80 | $ 22,090.41 | Claimed amount is inconsistent with the amount reflected on the Debtors' books and records, and the Trustee cannot adjudge validity of the claimed amount because of the failure to attach adequate documentation supporting the applied 21% per annum interest rate. |

4